THE PEOPLE <em>vs.</em> GOODWIN.

To render a *conviction* before a court of special sessions valid, it is not necessary that the court should inform the prisoner of his right to be tried by a *jury,* or that he should expressly waive such right.

TRIAL for second offence. At the Rensselaer oyer and terminer, in December, 1829, holden by the Hon. WILLIAM A. DUER, then one of the circuit judges, and two judges of the county courts of Rensselaer, the defendant was tried for a *second* offence of petit larceny. The district attorney produced a record of conviction of the defendant, before a court of special sessions for an offence of petit larceny, bearing date 19th May, 1829, which conviction was duly set forth in the indictment, on which the trial was had at the oyer and terminer. It stated that the defendant, having been brought before A. B., one of the justices of the peace of the county of Rensselaer, charged with having feloniously stolen certain property, particularly described, of the value of ten dollars, and not having given bail to appear and answer unto the charge at the next general sessions of the peace, and having been committed to the custody of a constable, and the defendant having required that he should be tried by three justices of the peace of the county, the justice before whom he was brought certifi-

ed the cause thereof to two other justices, and requested them to associate with him to try the defendant on the said charge ; whereupon the said justices met, and the charge was stated to the defendant, who pleaded not guilty, and prayed to be forthwith tried by the said three justices then holding a court of special sessions, and said he was ready for trial. And after hearing testimony, the said court adjudged the defendant to be guilty of the charge, and sentenced him to be imprisoned in the common jail of the county for the term of twenty days. The court decided that the evidence was insufficient ; that it ought to appear that the justices had informed the defendant of his right to be tried by a jury ; that they had directed him to make his election ; and that he had elected to be tried by three justices *without a jury.* Two of the justices before whom the conviction was had, testified that in holding courts of special sessions, they generally advised defendants of their rights; that they never tried a person for petit larceny, unless, after the court of special sessions convened the defendant elected to be tried by such court, and that they always put the question to him, whether he elected to be tried by a court of special sessions ; but they had no recollection that they told the defendant in this case that he had a right to be tried by a jury, or that they directed him to make his election whether or not he would be tried by a jury ; that the defendant did not demand a trial by jury ; if he had done so, they would have issued a *venire.* The court decided that the election of the defendant to be tried by three justices, meant nothing more than his choice to be tried by a court of special sessions rather than go to jail, and that no person could be legally convicted before a court of special sessions, unless he expressly waived the right of trial by jury. The subsequent offence was then proved, and the jury, under the direction of the court, found the defendant guilty of petit larceny only. A case was made for the advice of this court.

*J. Pierson,* (district attorney,) for the people.

*By the Court,* SAVAGE, Ch. J.   The oyer and terminer erred.  It is not necessary for a court of special sessions to inform a prisoner of his right to be tried by a jury, or that he should expressly waive such right to render a conviction valid.  The law organizing a court of special sessions without jury is perfectly constitutional, as has been decided in *Murphy* v. *The People,* 2 *Cowen,* 815.   The act of 1824, *Statutes, vol.* 6, 297, *c.* § 47, gives a defendant or prisoner the right to demand a trial by jury, but that the jury trial must expressly be waived to render a conviction good is not required by law.