## THE PEOPLE *vs.* JOHN FISHER.

By the 5th section of the act "to prevent intemperance, pauperism and crime," passed April 9, 1855, the several officers therein mentioned are invested with the same powers, in relation to offences under that act, with which Justices of the Peace are clothed in criminal cases, and are each required to hold courts of Special Sessions for the trial of offences under that act, with the same powers in reference to such offences as courts of Special Sessions possessed, in regard to cases within their jurisdiction, as they were constituted when the act was passed.

Where a person charged with a violation of that act is brought before one of the magistrates mentioned in such 5th section, it is the duty of such magistrate to hold a court of Special Sessions and to try the person charged, as soon as the complainant can be notified, and the person charged has not the right to give bail to appear before the next criminal court at which there shall be a grand jury.

This provision of the act is not in contravention of the state constitution, which declares that "the trial by jury" in all cases in which it has been heretofore used shall remain inviolate forever.

The words "trial by jury" in the state constitution mean a trial by a common law jury of twelve men.

The expression in the state constitution, "the trial by jury," refers as well to other incidents of the trial, as to the number of men necessary to constitute a jury, and implies an indictment by a grand jury and in a court of record with common law jurisdiction.

    m

Certiorari to the county judge of Monroe county.

On the 9th day of August, 1855, the appellant was brought before S. W. D. Moore, Esq., police justice of the city of Rochester, upon a warrant issued by said justice, charged with a violation of the act entitled " an act for the prevention of intemperance, pauperism and crime," passed April 9th, 1855.

(a) *Sed vide* The People *v.* Toynbee, in the Court of Appeals *infra.*

The People v. Fisher.

On being brought before the justice, he offered to give bail at the next criminal court having cognizance of the offence. The justice was satisfied with the responsibility of the bail so offered, but refused to receive it or to take any bail. Thereupon, on the 11th day of August, 1855, the appellant presented his petition to H. Humphrey, Esq., county judge, &c., and obtained the allowance of a writ of habeas corpus in order to be let to bail and be discharged from custody.

On the same day the officer made a return to said writ, and the same was traversed by the affidavit of the appellant and the issue was joined thereon.

On this issue evidence was taken to contradict the return. After hearing the case and arguments of counsel, the county judge decided not to let the defendant to bail, and ordered him remanded into the custody of the police constable, to be tried before a court of Special Sessions.

On the 17th day of August, 1855, the defendant sued out a writ of certiorari, removing the proceeding and adjudication of the county judge into this court to be reviewed.

*Henry Hunter* for the defendant.

*J. W. Stebbins* for the people.

*By the Court*, WELLES, J.—The fifth section of the act entitled " an act to prevent intemperance, pauperism and crime," passed April 9th, 1855, is in the following words:—

§ 5. Every justice of the peace, police justice, county judge, city judge, and in addition, in the city of New York, the recorder, each justice of the marine court, and the justices of the district courts, and in all cities where there is a recorder's court, the recorder, shall have power to issue process, to hear and determine charges, and punish for all offences arising under any of the provisions of this act; and they are each hereby authorized and required to hold courts of Special Sessions for the trial of such offences, and under this act, to do all other acts and exercise the same authority that may be done or exercised by justices of the peace in criminal cases, and by

courts of Special Sessions as the same are now constituted; and the term magistrate, as used in this act, shall be deemed to refer to and include each officer named in this section. Such court of Special Sessions shall not be required to take the examination of any person brought before it upon charge of an offence under this act, but shall proceed to trial as soon thereafter as the complainant can be notified; and for good cause shown he may adjourn from time to time, not exceeding twenty days. At the time of joining issue and not after, either party may demand a trial by jury, in which case the magistrate shall issue a venire and cause a jury to be summoned and empanneled, as in other criminal cases in courts of Special Sessions. The complainant may appear upon such trial upon behalf of the people, and prosecute the same with or without counsel. He may also prosecute the same in all the courts to which, as hereinafter provided, appeal may be taken by attorney, or he may apply to the district attorney, whose duty it shall be upon such application to appear and conduct said appeal from the judgment thereon. The same costs and disbursements shall be allowed against the defendant upon such appeal as are now allowed in civil actions, to those courts to which appeal may be taken according to the provisions of this act. In all cases, if the district attorney shall appear and conduct the trial or appeal, or both, the cost, if any, shall go to him for his individual use; in other cases to the complainant; and in default of the payment of the whole or any part thereof the defendant may be committed to the same extent as provided in the fourth section of this act.

By this section the several officers therein enumerated are invested with the same powers in relation to offences under the act of which it constitutes a part, with which justices of the peace are clothed in criminal cases, and are required to hold courts of Special Sessions for the trial of offences under the same act, with the same powers in reference to such offences as courts of Special Sessions possessed as they were constituted when the act was passed, in reference to the cases within their jurisdiction.

By the Revised Statutes the power of courts of Special Sessions are confined to cases where the party charged with an offence requests to be tried before them, or, where he shall not so request, but shall after being required, omit for twenty-four hours to give bail for his appearance at the next criminal court having jurisdiction, &c., (2 *R. S.*, 711, §§ 5 and 3.) But the section of the prohibitory act referred to, does not, as the Revised Statutes do, restrict the power of the courts of Special Sessions to cases where the party charged either requests to be tried by such court or omits to give bail. It certainly does not do so in terms, nor, as I think, by just or fair implication; but on the contrary it seems to contemplate that the justice or other officer before whom the person charged shall be brought by virtue of the process, shall proceed at once to the trial of the charge.

Power is expressly conferred upon the officers mentioned to issue process, to hear and determine charges and punish all offences against the provisions of the act, and for that purpose they are each authorized *and required* to hold courts of Special Sessions for the trial of such offences. Such court is not required to take the examination of any person brought before it upon charge of an offence, " *and shall proceed to trial as soon thereafter as the complainant can be notified.*" The section then proceeds to give directions respecting adjournments, and provides for a jury on the demand of either party, if applied for at the joining of issue. It then concludes with some regulations and provisions respecting appeals from judgments of the courts of Special Sessions provided for in the 8th section of the act, and the costs in such appeals.

It will be perceived, not only that the magistrate has conferred upon him the power to try the person charged, but that he is imperatively required to hold a court of Special Sessions, and proceed to the trial as soon as the complainant can be notified. Neither his power or duty to try is made to depend upon the defendant's request to be tried, his omission to give bail or any other condition. That the power of courts of Special Sessions, in the cases provided for in the Revised

Statutes, is thus limited and dependent, and in the act under consideration, acts which, before its passage, were innocent to the eye of the law, are made misdemeanors, their punishment defined, these tribunals erected and provided expressly for their trial and punishment, with directions concerning their manner of proceeding, and no mention made of any such condition or restriction of their powers, is strong evidence to my mind that none such were intended to be imposed. Instead of the conditions provided in the Revised Statutes, these courts, in cases arising under this act, are directed to proceed at once to the trial of the persons charged with a violation of its provisions.

It is contended, however, in behalf of the appellant, that if the intention of the act was to compel the person arrested by virtue of the process issued by a magistrate, to be tried before a court of Special Sessions, without the right on his part to be released from custody upon giving bail to appear at the sessions, the act is so far in contravention of § 2, of art. 1 of the constitution, which declares that " the trial by jury, in all cases where it has been heretofore used, shall remain inviolate forever." I entertain no doubt that by the words " trial by jury" as there mentioned, was intended a common law jury, which consists of twelve men. But I am satisfied it was not intended to apply to a case like the present.

Section six of the same article provides that " no person shall be held to answer for a capital, or otherwise infamous crime (except in cases of impeachment and in cases of militia when in actual service, and the land and naval forces in time of war, or which the state may keep with the consent of congress in time of peace; and in cases of petit larceny under the regulation of the legislature,) unless on presentment or indictment of a grand jury," &c.

The framers of the constitution have here declared that persons charged with capital or otherwise infamous crimes, shall not, with certain exceptions, be held to answer therefor, except by indictment or presentment of a grand jury, clearly, as it seems to me, leaving all other cases under the regulation of the legislature.

Persons charged with crimes not capital or otherwise infamous, may therefore be held to answer without being first indicted or presented by a grand jury, as the legislature shall provide.

But it is said that in whatever court the person charged may be tried, and whether with or without being presented by a grand jury, he is, in any event, entitled to have his guilt or innocence determined by a jury of twelve men.

The several written constitutions of this state, those of 1777, of 1821, and of 1846, contain substantially the same provisions as those above referred to. By section four of the act declaring the powers and duties of justices of the peace, passed April 13th, 1813, (2 R. S. 507,) petit larceny, misdemeanor, breach of the peace, or other criminal offence under the degree of grand larceny, was triable by a court of Special Sessions, and *that* without any jury whatever. This continued until 1824, when the legislature so far modified it as to give the party accused the right to be tried by a jury of six men. (*Laws of* 1824, *ch.* 238, § 47.) By the Revised Statutes, the causes triable by courts of Special Sessions are mentioned and are contained in eight specifications, all being below the degree of grand larceny, and none of them being what would be denominated infamous, in the sense of the constitution, except petit larceny. (2 R. S. 711, § 11.)

The section of the constitution which it is claimed secures to the appellant a trial by jury of twelve men, uses the expression "*the trial by jury.*" This refers as well to all other incidents of the trial as to the number of men necessary to constitute the jury. It means, as I think, such a trial as is contemplated by section six, for persons charged with capital or otherwise infamous offences, which must be upon presentment or indictment of a grand jury, and in a court of record with common law jurisdiction.

I think it is apparent from several considerations:

1. A common law jury trial can only be had in a court of common law jurisdiction, both as regards the character of the court, and its mode of procedure. It is not true that simply

making the jury to consist of twelve men, constitute a common law jury trial.

2. Section 6th excepts from its operation petit larceny, which at common law was felony, and infamous in its character. The statute of 1813, and the Revised Statutes referred to, expressly authorized courts of Special Sessions to try for that offence, which was never held to be in contravention of the constitution, (*Murphy* v. *The People*, 2d *Cow. R.* 815; *The People* v. *Goodwin*, 5th *Wend. R.* 251.)

3. The 2d and 6th sections referred to, are parts of the same articles of the constitution, and are *in pari materia;* the latter, securing to all persons charged with infamous crimes excepting as aforesaid, a trial after due presentment or indictment by a grand jury, leaving the trial of all cases of misdemeanor on the footing of petit larceny to be provided for by the legislature by a jury of six, twelve or any other number, or without a jury.

4. No jury trial in criminal cases was ever known to the common law, but such as followed upon indictment in a common law court, after the accused was in custody, had been arraigned and had plead to the indictment.

5. This construction makes the two sections harmonious and sensible. The legislature may declare criminal, acts which before were innocent, as in case of the statute under consideration. How can it be said that in such cases a jury trial has been *heretofore used?* Section two is expressly limited to cases in which the trial by jury *has been heretofore used.* In cases of acts made criminal by a statute passed after the adoption of the constitution, no trial either with or without a jury has been used. But if an act is made a felony by statute and thereby becomes infamous in its character, as in the cases of of the statute to prevent abduction of females for purposes of prostitution, and to prevent seduction, section sixth secures to the person charged with its violation a trial by jury, after due presentment by a grand jury.

6. Section two only requires a trial by jury, in cases where it has been heretofore used. This can not mean cases where

it might or might not be required, for then no misdemeanor could be tried by the Special Session, as every person charged with any crime was liable to be indicted therefor by the grand jury, and then a trial by jury was the only one which could follow. The only practicable interpretation is to exclude from its operation those cases where it was competent to try by a court of Special Sessions, and where such trials had been in use. By the revised laws of 1813, before cited, all offences under the degree of grand larceny might be tried in those courts, and that law continued in force until 1830, when the Revised Statutes limited the jurisdiction of courts of Special Sessions to certain specified cases. The constitution has been twice revised since 1813, and the provisions on the subject have been continued substantially the same as they were before 1813. It would be singular, not to say absurd, if the organic law is to vary in its principles, and the objects to which it relates, at every or any change of legislation. It should be interpreted in this respect in the same way as if there had been no revision since 1777. The fact that the same thing has been twice asserted since that time in the same solemn manner, certainly ought not to change the interpretation, justly applicable to it originally, but on the contrary, should confirm such interpretation.

For the foregoing reasons, I am of the opinion that the decision of the county judge was correct and should be affirmed.

SELDEN and JOHNSON, justices, concurred. Ordered accord-