286      DARST *et al. v.* THE PEOPLE.      [Sept. T.,

Syllabus.    Opinion of the Court.

## JOHN DARST *et al.*

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. JUDICIAL ACTION—*when necessary.* An ordinance of the town of Eureka, in Woodford county, declaring a nuisance all intoxicating liquors kept within the limits of the town, for the purpose of being sold or given away as a beverage, to be drank within the limits of the town, and which directs the police officers of the town to abate the nuisance, by removing the liquor beyond the town limits, could not authorize such officers to seize and carry away property, without first having the question judicially determined whether such ordinance had been violated.

2. A man's property can not be seized, except for a violation of law; and whether he has been guilty of such violation, can only be determined by a court of competent jurisdiction.

3. JURY—*waiver of—in cases of misdemeanor.* In a prosecution for a misdemeanor, a trial by jury may be waived by consent of parties.

WRIT OF ERROR to the Circuit Court of Woodford county; the Hon. S. L. RICHMOND, Judge, presiding.

The opinion states the case.

Mr. A. E. STEVENSON and Mr. J. A. BRIGGS, for the plaintiffs in error.

Mr. WASHINGTON BUSHNELL, Attorney General, for the people.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an indictment for a riot. The defendants were convicted, and have prosecuted this writ of error.

The record shows, the town of Eureka, in Woodford county, had adopted an ordinance declaring a nuisance all intoxicating liquors kept within the limits of said town, for the purposes

of being sold or given away, as a beverage, to be drank within said town. The ordinance further directed the police officers to abate said nuisance by removing the liquor beyond the town limits. One Moustier kept a grocery in the town, and on the 7th of January, 1869, the plaintiffs in error, two of whom were police officers and the rest trustees of the town, proceeded to Moustier's grocery, over which he and his wife lived, and demanded his liquor. He refused to deliver it, whereupon they went up stairs, and finding the door of the room occupied by his wife to be locked, on her refusing to open it, broke it down with a sledge-hammer, or some similar instrument, and taking several kegs of whiskey and beer, put them in a wagon and carried them beyond the limits of the town, leaving them on the ground. Moustier testifies he never saw his liquor again.

The plaintiffs in error sought to defend under this ordinance, but the circuit court most properly held such a defense unavailing. Even if the power were conceded to the town, of seizing, carrying away, and destroying this man's beer and spirits, if kept for sale to be drunk within the town, as to which we express no opinion, the question not having been argued, yet it certainly can not be denied, that such a power could be exercised only by some judicial instrumentality. Even under this ordinance, the beer and spirits were not a nuisance liable to summary destruction, unless they were kept for sale or gift, to be drunk within the town ; and whether they were kept for that purpose was a question which the owner had the right to submit to a court of justice before his property could be taken away. The board of trustees of Eureka had no more power to authorize their police officers to perform acts of this character, than they had to authorize them at discretion to assess a fine of fifty dollars upon any man whom they might believe to keep spirits for sale, and seize his property or person for its payment, without inquiry before a court, or an opportunity of being heard in his own defense. Such proceedings are a violation of the elementary principles of

our constitution and laws, and it is unnecessary to enlarge upon this topic. A man's property can not be seized except for a violation of law, and whether he has been guilty of such violation can not be left to police officers or constables to determine.

It is urged there was no evidence against Shockley and Houseman, two of the defendants; but the circuit court that tried the case, a jury having been waived by consent, had the right to infer, from the evidence, that all the defendants were at the grocery with a common purpose.

It is urged that a jury could not be waived, but we know no reason why it may not be in trials for misdemeanors.

The judgment must be affirmed.

*Judgment affirmed.*