State vs. Robinson.

## No. 10,756.

### THE STATE OF LOUISIANA VS. JAMES ROBINSON.

1. A statute authorizing the accused to waive the right of trial by jury and to elect to be tried by the judge, does not violate Article 7 of the Constitution. Affirming State vs. White, 33 An. 1218.

2. If convinced that the waiver has been inadvertently made, it might be the duty of the judge to permit its withdrawal on timely application, i. e., made in such season as not substantially to impede or delay the course of justice; but a defendant who, with full benefit of counsel, has persisted in his waiver until after trial and judgment, certainly stands in no case to complain.

APPEAL from the Criminal District Court for the Parish of Orleans. Baker, J.

W. H. Rogers, Attorney General, for the State, Appellee.

J. J. Foley for Defendant and Appellant.

The opinion of the court was delivered by

FENNER, J. The sole question presented on this appeal is the

constitutionality of Act No. 18 of the General Assembly of 1890, which provides that "in all cases of indictment or information originating and filed in the Criminal District Court for the parish of Orleans, when the penalty is not necessarily imprisonment at hard labor or death, the accused shall be called upon immediately after arraignment or before he is required to file any motion, plea or other defense, to decide and declare in open court whether he will waive the trial by jury, to which he would otherwise be entitled under the Constitution and laws of this State, and consent to be tried by the judge alone; whereupon the answer or decision shall be entered upon the minutes of the court; and if the accused shall decide and elect to waive trial by jury, and to be tried by the judge alone, the court shall fix and try the case without a jury, according to such rules as it may prescribe."

The defendant in this case, who was indicted for wounding less than mayhem, which is not necessarily punishable by imprisonment at hard labor or death, elected to waive the trial by jury and to be tried by judge alone. He never at any time sought to withdraw his election.

When the case was called for trial, the defendant, being then attended by the same counsel who appears on his behalf in the present appeal, announced his readiness for trial. The case was tried and resulted in a judgment of guilty and a sentence of four months' imprisonment in the parish prison.

He now seeks to reverse the judgment on the grounds that the Act No. 18 was unconstitutional and that the proceedings before the judge, without the intervention of a jury, were coram non judice and void.

The article of our Constitution is in the following words: "In all criminal prosecutions the accused shall enjoy the right to a speedy public trial by an impartial jury," etc.

Has this legislative act deprived the defendant of his right to a trial by jury? Evidently it has not.

The question is not new to this court. Act No. 35 of 1880 contained a provision applicable to the District Courts in other parishes than that of Orleans, authorizing the accused in like cases, to waive trial by jury and to be tried by the court alone. The constitutionality of the provision was sustained by this court on very full consideration of the principles and authorities applicable. States vs. White, 33 An. 1218; State vs. Askins, id. 1253.

Hayden vs. Sheriff et al.

We are aware that there exists conflict of authority on the subject; but both Mr. Bishop and Mr. Wharton sanction the view taken by those courts which coincide with our own.   1 Bishop Cr. Prac. Sec. 893; Wharton Cr. Pl. Sec. 733.

We have taken care to intimate our determination to protect the constitutional right of accused parties to be tried by jury and not to suffer them to be deprived of it otherwise than by their voluntary election.

Thus, where a party had waived his right and after trial and conviction by the judge had obtained a new trial, we held that he had then the right to withdraw his waiver and demand that the new trial should be by jury.   States vs. Touchet, 33 An. 1154.

We then said: " His waiver of jury as to the first trial may be presumed to continue as to the new trial, unless timely application be made to revoke the same; but he can not be deprived of his right of revocation on timely application.   The only limitation on his right would be that his application should be timely, that is, made in such season as not substantially to delay or impede the course of justice."

The evils suggested by the counsel as likely to arise from requiring ignorant accused, at the moment of arraignment and often unattended by counsel, to make election in so vital a matter, will not occur under a proper administration of the law.   Whenever the court is convinced that a waiver has been unadvisedly made and proper and timely application is made to withdraw it, it would be the duty of the court to permit the revocation and to restore to the accused his constitutional right.

But it is very clear that this defendant who, with full benefit of counsel, persisted in his waiver until after trial and judgment, stands in no case to complain.

Judgment affirmed.