.CHARLES L. BREWSTER *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 18, 1899.*

1. FALSE IMPRISONMENT—*offense of false imprisonment is a misdemeanor.* Since, under section 95 of the Criminal Code, the punishment for the offense of false imprisonment is a fine or imprisonment in the county jail, the offense is a misdemeanor.

2. TRIAL BY JURY—*jury trial may be waived in case of misdemeanor punished by fine.* Under the act of 1893, (Laws of 1893, p. 96,) providing for jury trial in cases where a judgment may be satisfied by imprisonment, it is competent for parties indicted for misdemeanor to make a written waiver of the right to trial by jury, where the judgment is the imposition of a fine alone, and imprisonment otherwise than in the penitentiary, in default of payment.

3. SAME—*waiver of jury trial in misdemeanor is not against the constitution.* When authorized by statute the right of trial by jury under an indictment for a misdemeanor may be waived by the accused without violating sections 5 and 9 of article 2 of the constitution, providing that the right of trial by jury "as heretofore enjoyed" shall remain inviolate, and that the accused shall have the right to "a speedy public trial by an impartial jury."

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Plaintiffs in error were tried in the criminal court of Cook county at the July term, 1899, upon an indictment for false imprisonment under section 95 of the Criminal Code. Each defendant pleaded not guilty, and executed in writing a formal waiver of jury trial. The court tried the issue, and found the defendants guilty. The judgment of the court was, that each defendant should pay a fine of $250.00 and costs, and that, in case of failure to pay the same, he should work out said fine and costs in the house of correction.

Plaintiffs in error moved for a new trial which was overruled, and exceptions were taken to the ruling of the court. They then moved in arrest of judgment, which

motion was also overruled, and exceptions were also taken to such ruling of the court.

This writ of error is sued out for the purpose of reviewing the judgment so entered against the plaintiffs in error.

Jesse E. Roberts, (Roscoe L. Roberts, and Thomas H. Owens, of counsel,) for plaintiffs in error:

The right of trial by jury as heretofore enjoyed shall remain inviolate, but a trial of civil cases before justices of the peace by a jury of less than twelve men may be authorized by law. Const. art. 2, sec. 5.

In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel; to demand the nature and cause of the accusation and to have a copy thereof; to meet the witnesses face to face, and to have process to compel the attendance of the witnesses in his behalf; and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed. Const. art. 2, sec. 9.

All trials for criminal offenses shall be conducted according to the course of the common law, except when this act points out a different mode; and the rules of evidence of the common law shall also be binding upon all courts and juries in criminal cases, except otherwise provided by law. Crim. Code, div. 13, sec. 8.

Juries in all criminal cases shall be judges of the law and the fact. Crim. Code, div. 13, sec. 11.

A criminal offense consists of the violation of a public law, in the commission of which there shall be a union or joint operation of act and intention or criminal negligence. Crim. Code, div. 2, sec. 8.

The constitution grants the accused charged with a crime, upon an indictment by a grand jury, "a trial by an impartial jury;" and where the legislature prescribes that all trials in criminal cases shall be according to the course of the common law, and does not in any manner

provide that a jury may be waived in any grade of criminal cases, it is not within the power of a court, nor of the State's attorney, nor of the accused himself, nor of all three, to try a criminal case, upon an indictment, by and before any other tribunal than a court, a jury of twelve impartial men and the other officers of the court.

In only one case does the law authorize a court to try and hear a criminal case, upon an indictment, without the intervention of a jury, and that is in the case of a plea of guilty. Upon a plea of not guilty the parties put themselves upon the country, which, "according to the course of the common law," means a trial by jury. If the court attempts to sit as a substitute for a jury and perform the functions of a jury, even by consent, his acts are nugatory. Crim. Code, div. 13, sec. 4; *Harris* v. *People*, 128 Ill. 585; *Morgan* v. *People*, 136 id. 161; *Commonwealth* v. *Shaw*, 1 Pitts. Rep. 492; *State* v. *Lockwood*, 43 Wis. 403; *Hill* v. *People*, 16 Mich. 351; *Cancemi* v. *People*, 18 N. Y. 128; *State* v. *Mansfield*, 41 Mo. 470; *Neals* v. *State*, 10 id. 498; *Work* v. *State*, 2 Ohio St. 296; *Allen* v. *State*, 54 Ind. 461; *Brown* v. *State*, 16 id. 496; *People* v. *Smith*, 9 Mich. 193; *State* v. *Davis*, 66 Mo. 484; *Swart* v. *Kimball*, 43 Mich. 443; *League* v. *State*, 36 Md. 269; *Bond* v. *State*, 17 Ark. 290; *Connelly* v. *State*, 60 Ala. 89; *People* v. *O'Neil*, 48 Cal. 257; *Opinion of Judges*, 41 N. H. 551; *State* v. *Maine*, 27 Conn. 281; 1 Chitty on Crim. Law, 505; Proffatt on Jury Trials, sec. 113; 2 Hale's P. C. 161; Bacon's Abridg. tit. J., A.; 2 Ben. & Hurd's L. C. 327; 2 Wooddeson's Lectures, 346; *State* v. *Holt*, 90 N. C. 749; *State* v. *Stewart*, 89 id. 563; 4 Blackstone's Com. 341; *State* v. *Carman*, 63 Iowa, 130.

EDWARD C. AKIN, Attorney General, (CHARLES S. DENEEN, State's Attorney, and ALBERT C. BARNES, of counsel,) for the People:

The right to waive a jury in trials of misdemeanors has been the recognized course of practice in Illinois from its earliest days, and has met with the approval of

183—10

our courts. *Darst* v. *People*, 51 Ill. 286; *Miller* v. *People*, 47 Ill. App. 472; *Zarresseller* v. *People*, 17 Ill. 104; *Sloncen* v. *People*, 58 Ill. App. 315; *Austin* v. *People*, 68 id. 298.

Waiver of jury is authorized in this State by statute. Starr & Cur. Stat. 1896, chap. 37, par. 237.

The statute of 1893 applies to courts of record. *Swan* v. *Mulherin*, 67 Ill. App. 77; *Hermanek* v. *Guthmann*, 179 Ill. 567.

Where the waiver has been authorized by statutes the courts have upheld their constitutionality and enforced them. *Connelly* v. *State*, 60 Ala. 89; *State* v. *Moody*, 24 Mo. 560; *State* v. *Worden*, 46 Conn. 349; *Murphy* v. *State*, 97 Ind. 579; *State* v. *Hill*, 74 Iowa, 441; *League* v. *State*, 36 Md. 257; *State* v. *Robinson*, 43 La. Ann. 383; *Ward* v. *People*, 30 Mich. 116; *Edwards* v. *State*, 45 N. J. L. 419; *Dillingham* v. *State*, 5 Ohio St. 283; *In re Staff*, 63 Wis. 285.

The only exception found is West Virginia, where the court was evenly divided. *State* v. *Cottrill*, 31 W. Va .200.

In States where no statute conferred the right of waiver, the courts, in denying it, have intimated that it might be conferred by statute, plainly indicating that the question is one of jurisdiction of the tribunal rather than one of a constitutional right of the accused. *State* v. *Maine*, 27 Conn. 28; *Harris* v. *People*, 128 Ill. 585; *State* v. *Carman*, 63 Iowa, 130; *State* v. *Douglas*, 96 id. 308; *State* v. *Mansfield*, 41 Mo. 470; *People* v. *Smith*, 9 Mich. 199; *Opinion of Judges*, 41 N. H. 551; *State* v. *Conklin*, 27 Vt. 319; *Mays* v. *Commonwealth*, 82 Va. 550; *Wilson* v. *State*, 16 Ark. 601.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

Section 95 of the Criminal Code, under which the plaintiffs in error have been indicted for false imprisonment, is as follows: "False imprisonment is an unlawful violation of the personal liberty of another, and consists in confinement or detention without sufficient legal authority. Any person convicted of false imprisonment

shall be fined in any sum not exceeding $500.00, or imprisoned not exceeding one year in the county jail." (1 Starr & Curt. Ann. Stat.—2d ed.—p. 1278). By section 5 of division 2 of the Criminal Code, a felony is defined to be "an offense punishable with death or by imprisonment in the penitentiary." By section 6 of division 2 of the Criminal Code, it is provided that "every other offense is a misdemeanor." (1 Starr & Curt. Ann. Stat.— 2d ed.—p. 1356). As, therefore, the punishment for the offense of false imprisonment is a fine not exceeding $500.00, or imprisonment not exceeding one year in the county jail, the offense charged against the plaintiffs in error is a misdemeanor.

When the issue was joined by the pleading of not guilty, each of the plaintiffs in error signed a written waiver, by the terms of which he waived jury trial, and submitted the cause to the court for hearing. The record recites, that the court fully advised the plaintiffs in error of their right to a trial by jury, but that they adhered to their proposition to waive said right; and that, thereupon, by agreement of the State's attorney and the plaintiffs in error and their counsel, the cause was submitted to the court for trial, and the intervention of a jury was waived.

The only question presented for our consideration is, whether, in this State, the accused may waive the right to a trial by jury upon an indictment for a misdemeanor, where the judgment is the imposition of a fine alone, and imprisonment on failure to pay the same.

In *Harris* v. *People*, 128 Ill. 585, it was held that, in a prosecution for a felony, when the plea of not guilty is entered, the right to a jury trial cannot be waived by the accused, so as to confer upon the court jurisdiction to try, convict, and sentence the defendant without the intervention of a jury. In that case, however, the prohibition against the right to waive a jury trial was applied only to indictments for felony, and not to cases where

the offense is a mere misdemeanor. So, again, in *Morgan* v. *People*, 136 Ill. 161, the case of *Harris* v. *People, supra*, was referred to with approval, and we there said: "The record affirmatively shows, as we think, that plaintiff in error was tried for and convicted of a felony, upon his plea of not guilty, by the judge sitting as a jury. Consent of the defendant in an indictment for a felony cannot confer jurisdiction upon the judge, or dispense with a finding of the fact of guilt by a jury." In several cases in this State, the right of the accused to waive a jury in trials for misdemeanors has been recognized as a proper practice. In *Zarresseller* v. *People*, 17 Ill. 101, which was an indictment for a misdemeanor, we said: "The issue was tried by the court, by agreement of the parties in open court, and this is also assigned for error. We do not doubt the right of the defendant, in cases of misdemeanor, to waive a jury and put himself upon the court for trial. He may waive his right in this respect, and, having done so, cannot assign for error that the court tried the issue.—*People* v. *Scates*, 3 Scam. 351." Again, in *Darst* v. *People*, 51 Ill. 286, which was an indictment for a misdemeanor tried before the court without a jury, we said: "It is urged that a jury could not be waived, but we know no reason why it may not be in trials for misdemeanors." The two cases above referred to arose under the constitution of 1848, and before the present constitution of 1870 was adopted.

It is contended, however, by counsel for plaintiffs in error, that a jury can no more be waived in a trial upon an indictment for a misdemeanor than in a trial upon an indictment for a felony. This contention is based mainly upon sections 5 and 9 of article 2 of the constitution of 1870. Section 5 of article 2 is as follows: "The right of trial by jury as heretofore enjoyed, shall remain inviolate; but the trial of civil cases before justices of the peace by a jury of less than twelve men may be authorized by law." Section 9 of article 2 is as follows: "In all

criminal prosecutions the accused shall have the right
* * * to a speedy public trial by an impartial jury
of the county or district in which the offense is alleged
to have been committed." Section 8 of article 2 of the
constitution provides that "no person shall be held to
answer for a criminal offense, unless on indictment of a
grand jury, except in cases in which the punishment is
by fine, or imprisonment otherwise than in the peniten-
tiary," etc. Section 8, by the use of the words, "in cases
in which the punishment is by fine, or imprisonment oth-
erwise than in the penitentiary," evidently refers to mis-
demeanors; and its plain meaning, is that a person may
be held to answer for a misdemeanor without indictment
by a grand jury. The constitution thus clearly draws a
distinction between felonies and misdemeanors, so far as
indictments by grand juries are concerned. A similar
provision in the constitution of New York was there held
to indicate, that all other cases than those in which the
accused persons were charged with capital, or other in-
famous crimes, should be left to the regulation of the
legislature. (*People* v. *Fisher*, 20 Barb. 656).

The language of section 5 of article 2 of the constitu-
tion, to-wit: "The right of trial by jury, as heretofore
enjoyed, shall remain inviolate," has been before this
court for construction in a number of cases. Those words
have been construed as preserving the right of trial by
jury, as it was understood to exist at the time of the
adoption of the constitution. (*Ross* v. *Irving*, 14 Ill. 171;
*Commercial Ins. Co.* v. *Scammon*, 123 id. 601). If the guar-
anty of section 5 is simply the guaranty of a right of trial
by jury, as it was enjoyed at the time of the adoption of
the constitution of 1870, then such right includes and in-
volves the right of the accused to waive a jury in case of
a trial for misdemeanor, because the cases of *Zarresseller*
v. *People*, *supra*, and *Darst* v. *People*, *supra*, show, that the
right of trial by jury was understood to involve the right
of such waiver, when the constitution of 1870 was adopted.

In the later case of *George* v. *People*, 167 Ill. 447, it was held that the word, "heretofore," as used in the constitution, relates to the past, and that, in order to determine the true meaning of the words, "right of trial by jury as heretofore enjoyed," it was necessary to go back to the common law of England; and it was there said, that the construction of these words, as referring to the system of trial by jury as it existed by statute at the time the constitution was adopted, would lead to many embarrassing results.  It was, however, said in the *George case*, that, by a reference to the common law of England, it would be found that the requirement, that a jury of twelve men must be empaneled, and that any less number would not be a common law jury, applied to trials where the accused persons were charged with felonies.   The language in the case of *George* v. *People*, *supra*, upon this subject, is as follows:  "It is necessary to go back to the common law of England.   When this is done, it will be found that the right of trial by jury constitutes certain specified things, which cannot be dispensed with or disregarded on the trial of a person charged with a felony." The *George case* thus recognizes the soundness of the rulings in the *Harris case* and in the *Morgan case*, that a trial by jury cannot be waived, where the trial is upon a charge of felony.

"No jury trial in criminal cases was ever known to the common law but such as followed upon indictment in a common law court, after the accused was in custody, had been arraigned, and had pleaded guilty to the indictment." (*People* v. *Fisher*, 20 Barb. 656; *People ex rel.* v. *Justices*, 74 N. Y. 406; *State* v. *Conlin*, 27 Vt. 319).   As jury trials in criminal cases, as known to the common law, were such as followed upon indictment in a common law court, and as our constitution refers to the right of trial by jury as it was understood at common law, then the prohibition against the right to waive a trial by jury cannot apply to misdemeanors, because the constitution expressly pro-

vides that, in cases of misdemeanors, a person may be held to answer without indictment.

It is to be observed, also, that section 5 of article 2 of the constitution does not say, that "trial by jury as heretofore enjoyed shall remain inviolate," but that "the right of trial by jury as heretofore enjoyed shall remain inviolate." So, also, section 9 does not say, that "in all criminal prosecutions the accused shall have a speedy public trial by an impartial jury," but that "in all criminal prosecutions the accused shall have the right to a speedy public trial by an impartial jury," etc. Where a constitution thus provides, that the right of trial, and not the trial itself, shall be preserved, the right may be relinquished or waived. In *Bank of Columbia* v. *Okely*, 17 U. S. 236, the Supreme Court of the United States said: "Had the terms been that 'the trial by jury shall be preserved,' it might have been contended that they were imperative, and could not be dispensed with. But the words are that 'the right of trial by jury shall be preserved,' which places it on the footing of a *lex pro se introducto*, and the benefit of it may therefore be relinquished." (*In re Staff*, 63 Wis. 285; *State* v. *Kaufman*, 57 Iowa, 578; *State* v. *Worden*, 46 Conn. 349; *State* v. *White*, 33 La. Ann. 1218; *Edwards* v. *State*, 45 N. J. L. 419).

What has already been said, however, is subject to the qualification that there is some statute or law, which provides for and permits the waiver of a trial by jury. Where a tribunal for the trial of criminal prosecutions is provided for, and a jury is made an essential part of it, such tribunal cannot be changed by permitting the accused to consent to the elimination of the jury therefrom. In such cases the accused would, by waiver of a jury trial, and consent to a trial before the judge alone, confer jurisdiction upon a tribunal, which had no such jurisdiction under the law. It is a well settled doctrine, that jurisdiction of the subject matter cannot be conferred by consent. Jurisdiction of the subject matter must always

be derived from the law, and not from the consent of the parties. Hence, where an act of the legislature provides that, in a prosecution for a misdemeanor, the accused party, if he elects to do so, may be tried by the court instead of by a jury, such act will be held to be valid under the provisions of the constitution above quoted, such waiver being required to be made in writing, and the party being advised of his right to a jury trial, if he chooses to insist upon it. Where the waiver of a right to a jury trial has been authorized by statute, the courts have upheld the constitutionality of such statutes, and have enforced them in many cases. (*Edwards* v. *State,* 45 N. J. L. 419; *Connelly* v. *State,* 60 Ala. 89; *State* v. *Worden,* 46 Conn. 349; *In re Staff,* 63 Wis. 635; *Dillingham* v. *State,* 5 Ohio St. 280; *State* v. *Moody,* 24 Mo. 560; *Murphy* v. *State,* 97 Ind. 579; *State* v. *Hill,* 74 Iowa, 441; *State* v. *Robinson,* 43 La. Ann. 383; *Ward* v. *People,* 30 Mich. 116; *League* v. *State,* 36 Md. 257).

In *Harris* v. *People, supra,* it was clearly laid down, that, while a party might not have the right to waive a trial by jury, where no statute authorizes it, yet that he could so waive trial by jury where the law permitted it. This is true, at any rate, so far as misdemeanors are concerned. Many cases, which have denied to the accused the right to waive a trial by jury, have so decided, because no statute conferred the right of waiver, but have plainly intimated that it might be conferred by statute. (*Wilson* v. *State,* 16 Ark. 601; *State* v. *Maine,* 27 Conn. 28; *Harris* v. *People,* 128 Ill. 585; *State* v. *Carman,* 63 Iowa, 130; *State* v. *Mansfield,* 41 Mo. 471; *Opinion of Judges,* 41 N. H. 551; *People* v. *Smith,* 9 Mich. 193; *State* v. *Conlin,* 27 Vt. 319).

In this State an act of the legislature was passed on June 17, 1893, which provides "that no person shall be imprisoned for non-payment of a fine or a judgment in any civil, criminal, *quasi* criminal, or *qui tam* action, except upon conviction by jury: *Provided,* that the defendant or defendants in any such action may waive a jury

trial by executing a formal waiver in writing: *And, provided further*, that this provision shall not be construed to apply to fines inflicted for contempt of court: *And, provided further*, that when such waiver of jury is made, imprisonment may follow the judgment of the court without conviction by a jury." (Sess. Laws of Ill. of 1893, p. 96).

The act of 1893 above quoted provides for the waiver of a jury trial in cases where a fine is imposed, and also provides that imprisonment may follow where the fine so imposed is not paid. It, therefore, authorizes the waiver of a trial by jury in prosecutions for misdemeanors. The act only applies where a fine is imposed, or a money judgment is rendered. It has no application to criminal prosecutions for felonies.

In the case at bar, a written waiver was filed in strict accordance with the act of 1893. The criminal court of Cook county exercised the power to try the defendant without a jury because of the waiver allowed by the statute, and not because of the consent of the accused in the absence of statutory warrant. The present case, therefore, is brought directly within the reasoning of those cases, where the right of waiver is sustained when the waiver is authorized by statute.

We are inclined to hold to the doctrine announced in the following words: "It is generally conceded that in civil actions and proceedings, and in the absence of constitutional or statutory inhibition, the right of a party to have the issues of fact in a cause determined by a jury is a privilege of such a nature that he may waive it if he so chooses. Although there is some question as to the power to waive the right in criminal proceedings, the modern tendency is to apply the same rules as those governing proceedings civil in their nature, where the offense charged is a misdemeanor. * * * In the trial of capital felonies, however, and felonies of the higher grades, the same doctrine does not apply, and in such cases, especially where the punishment, on conviction,

is death, or imprisonment for life or for a long term of years, the right to a trial by jury, which is guaranteed by constitutional provision or otherwise, cannot as a rule be waived." (12 Ency. of Pl. & Pr. p. 255).

The text-books affirm the doctrine, that, while the court cannot, in such cases, proceed without jurisdiction, and consent without a statute cannot give jurisdiction, yet that, in cases of misdemeanor, at any rate, defendants can waive a trial by jury, when such waiver is permitted by the terms of the statute. (1 Bishop on New Crim. Proc. sec. 893; Wharton on Crim. Pl. & Pr. sec. 733; Cooley's Const. Lim.—6th ed.—pp. 390, 391).

Counsel for plaintiffs in error make no complaint of the action of the trial court, except that the trial was had before the court without a jury in pursuance of the written waivers filed in the cause as above stated. We are of the opinion that the trial court committed no error in this regard.

Accordingly, the judgment of the criminal court of Cook county is affirmed.          *Judgment affirmed.*