# The People of the State of Illinois, Defendant in Error, v. William Yario, Plaintiff in Error.

## Gen. Nos. 20,148, 20,149.

1.  CRIMINAL LAW, § 457*—*when bill of exceptions improperly signed.* A bill of exceptions, signed after the expiration both of the time allowed for filing exceptions and the time to which such filing time has been properly extended, which signing was by a judge other than the one presiding at the trial, to whom the exceptions were presented in the first instance, and who is, at the time of signing, no longer a judge, is not legally signed, and will be stricken from the record, where the record does not show an order that the bill of exceptions be signed *nunc pro tunc.*

2.  JURY, § 7*—*when trial may be waived.* A written waiver of the constitutional right to a trial by jury may be made by a defendant, who is charged in an information with a misdemeanor, and such waiver is binding.

3.  INDICTMENT AND INFORMATION, § 1*—*when indictment not essential to trial for misdemeanor.* The plain meaning of section 8 of article II of the Constitution of 1870, providing that criminal trials shall be on indictment "except in cases where the punishment is by fine, or by imprisonment otherwise than in the penitentiary," is that a person may be held to answer for a misdemeanor without indictment.

4.  JURY, § 3*—*right to trial by.* The right to a jury trial as at common law is protected by the Constitutions of 1818, 1848 and 1870, and the provisions of all three constitutions in relation thereto are without substantial difference.

Error to the Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed October 5, 1915.

**Statement by the Court.** The judgment sought to be reversed in No. 20,148 is a conviction of plaintiff in error, William Yario, on an information filed in the Municipal Court, charging him with an assault with a deadly weapon, etc., on Pete Pacelli, with intent to inflict on him a bodily injury. That sought to be re-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

versed in No. 20,149 is a conviction of the same defendant on a similar charge, except that the assault is charged to have been committed on Rocco Eulo. The causes were by agreement tried together. In each case the defendant executed a formal waiver in writing, waiving a jury trial, and submitting the cause to the court for trial without a jury. In both cases the defendant was found guilty. In case No. 20,148 he was sentenced to imprisonment in the House of Correction for a term of three months and to pay a fine of $1,000 and costs. In case No. 20,149 he was sentenced to be imprisoned in the House of Correction for one year and to pay a fine of $1,000 and costs.

CHARLES E. ERBSTEIN, for plaintiff in error.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

A motion to strike the bill of exceptions from the record was reserved to the hearing. The judgment in each case was entered January 8, 1914. March 9, 1914, the time for filing bill of exceptions was extended thirty days. The time for filing the bill of exceptions under the statute and order of extension expired April 8, 1914. In February, 1914, Judge Frederick L. Fake, before whom the case was tried, tendered to the Governor of the State of Illinois his resignation as judge of the Municipal Court of Chicago, the same to take effect on the last day of April, 1914. The resignation was accepted by the Governor, and after April 30, 1914, Judge Fake was no longer judge of the Municipal Court of Chicago. The bill of exceptions in the transcript contains the following memoranda: "This bill of exceptions was tendered to me this 8th day of April, 1914. Frederick L. Fake, Judge. This was presented

to me to sign this 8th day of December, 1914. Frederick L. Fake.'' ''The Honorable Frederick L. Fake, who presided at the trial, having resigned and being unable to sign this bill of exceptions because no longer a Judge of the Municipal Court of Chicago, and the undersigned being satisfied that this bill of exceptions is correct, the same is signed in open court this 15th day of January, A. D. 1915, as of April 8, 1914, and ordered filed accordingly. Harry Olson, Chief Justice of the Municipal Court of Chicago.''

No other entry in the record was made which bears in any way on the question of the time when the bill of exceptions was presented or signed, nor was any order that the bill was signed *nunc pro tunc* entered on the common law record. The bill of exceptions was tendered to Judge Fake twenty-two days prior to the time his resignation took effect. No effort appears to have been made to have the bill of exceptions signed until December 8, 1914, when the bill was presented to Frederick L. Fake for his signature. We think it appears from the memoranda on the bill that it was not in the hands of Judge Fake from April 8 to December 8, 1914, because it was presented to him by somebody, presumably for the plaintiff in error, for signing December 8, 1914. We do not think that Chief Justice Olson was authorized to sign the bill of exceptions on January 15, 1915, and the bill of exceptions will be stricken from the record.

The only assignment of error that can be considered by us in the absence of a bill of exceptions, is the 5th, that the court erred in trying the case without a jury.

Section 8 of article II of the Constitution of 1870 provides that: ''No person shall be held to answer for a criminal offense unless on an indictment of a grand jury, except in cases where the punishment is by fine or imprisonment otherwise than in the penitentiary.''

In *Brewster v. People,* 183 Ill. 143, it was held competent, under the Act of 1893 (J. & A. ¶ 4145), for

parties indicted for a misdemeanor to make a written waiver of the right to trial by jury where the punishment is the imposition of a fine and imprisonment otherwise than in a penitentiary. In the same case it was said: "No jury trial in criminal cases was ever known to the common law but such as followed upon indictment in a common law court, after the accused was in custody, had been arraigned, and had pleaded guilty to the indictment. * * * Section 8 of article II of the Constitution, by the use of the words, 'in cases in which the punishment is by fine, or imprisonment otherwise than in the penitentiary,' evidently refers to misdemeanors; and its plain meaning is that a person may be held to answer for a misdemeanor without indictment by a grand jury."

In *George v. People*, 167 Ill. 447, the provisions of the Constitutions of 1818, 1848 and 1870 were considered with reference to the right of trial by jury, and it was said: "We do not think there is any substantial difference between the provisions incorporated in the three constitutions. The right of trial by jury was the same under one constitution as under the other. The right protected by each constitution was the right to trial by jury as it existed at common law."

*Darst v. People*, 51 Ill. 286, was an indictment for riot, and a jury was waived. The punishment by statute was a fine and imprisonment not exceeding six months, and it was held that the defendant could waive a trial by jury.

*Brewster v. People*, 183 Ill. 143, was an indictment for false imprisonment, and the punishment provided by statute was a fine not exceeding $500, or imprisonment not exceeding one year in the county jail; and it was held competent for the defendant to waive the right to trial by jury.

The punishment in the cases under review was by fine and imprisonment otherwise than in the penitentiary, and it was competent for the defendant to make a written waiver of the right to trial by jury.

The record in each case is free from error and the judgment in each case is affirmed.

*Affirmed.*