Dallman v. The People.

## August Dallman v. The People, etc.

### Gen. No. 11,044.

1. MALICIOUS MISCHIEF—*when indictment for, includes charge of misdemeanor.* Where an indictment charges a malicious destruction of personal property and a damage resulting in excess of $15, it necessarily includes a charge of misdemeanor, and whether a felony was actually committed depends upon the proof of the value of the property shown to have been destroyed.

2. JURY TRIAL—*when, may be waived in criminal prosecution.* In a criminal prosecution for a misdemeanor, trial by jury may be waived.

3. FELONY—*when prosecution for, deemed abandoned by state.* Where the state joins with the defense in waiving a jury, it thereby impliedly abandons all allegations of the indictment which renders the charge a felony, and reduces the same to a charge of a misdemeanor, where the charge contained in the indictment is not inconsistent with such an implied abandonment.

Criminal prosecution for malicious mischief. Error to the Criminal Court of Cook County; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed April 12, 1904.

RICHARD A. STEEN, for plaintiff in error; ROBERT N. HOLT and H. T. WILCOXON, of counsel.

CHARLES S. DENEEN, State's Attorney, and FRANK CROWE, Assistant State's Attorney, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

An indictment containing two counts, for maliciously destroying personal property, was presented to the Criminal Court against plaintiff in error. The first count was abandoned. The second count charged that plaintiff in error did maliciously, etc., destroy certain goods and chattels of another person, and that the damage by him so done to such goods and chattels exceeded the sum of $15, and there was a plea of not guilty. The defendant waived a jury and consented to a trial by the court. The court found the defendant guilty, found the damage to be $15, denied a motion to set aside the finding and for a new trial, and sentenced the defendant to pay a fine of $500 and the costs of prosecution.

The statute, section 192 of the Criminal Code, provides that the punishment of the offense charged, if the damage exceeds $15, shall be imprisonment in the penitentiary not less than one, nor more than ten years; if the damage does not exceed $15, shall be a fine of not more than $500, or imprisonment in the county jail not exceeding one year, or both.

The first contention of plaintiff in error is that as the second count of the indictment charged that the damage exceeded $15, the defendant was charged with a felony; that one charged with a felony must be tried by a jury and cannot with his consent, and the consent of the state's attorney, be tried by the court, and that therefore the finding of guilty by the court and the sentence thereon are void.

If the indictment in this case had charged that the damage was $15 or less, it would have charged a misdemeanor only, and our Supreme Court held in Brewster v. The People, 183 Ill. 143, Zarenseller v. The People, 17 Ill. 101, and Darst v. The People, 51 Ill. 286, that in prosecutions for a misdemeanor, a trial by jury may be waived by the consent of the parties. The indictment in this case, while it charged a felony, included in it a charge of a misdemeanor. Whether the offense was a felony or a misdemeanor would

turn upon whether the damage done exceeded $15 or was $15 or less.   In Commonwealth v. Dean, 109 Mass. 349, the district attorney endorsed on the indictment for rape this entry:   " I will no further prosecute as to so much of this indictment as charges rape," and it was held that there might be a conviction for an assault.   In Commonwealth v. Jennings, 105 Mass. 586, on an indictment for burglary which charged in one count a breaking and entering in the night time, with intent to commit larceny, and that the accused, certain gold coin "in said building there being found, did steal," etc., there was a verdict of " guilty, but not in the night time," and it was held, that the district attorney might, after verdict, enter a *nolle prosequi* as to so much of the count as charged the breaking and entering, and that the defendant might then be sentenced for that larceny.   In Baker v. State, 14 Ohio State, 214, the defendant was charged in a single count with an assault with intent to commit murder, and at the close of the trial, and before the jury retired, the prosecuting attorney entered a *nolle prosequi* upon the indictment, so far as the same related to the intent to commit murder, and the defendant was found guilty of an assault only, and sentenced therefor, and the conviction was sustained.   In the opinion Chief Justice Scott said:   " Under this indictment, the defendant might clearly have been found guilty of the assault charged, and not guilty of the intent to murder.   Stewart v. State, 5 Ohio Rep. 941.   The abandonment of those allegations in the indictment which were descriptive only of the graver offense, still left the minor offense fully described, and the issue made thereon to be tried by a jury."

If the state's attorney in this case had entered a *nolle prosequi* as to so much of the second count of the indictment as charged that the damage exceeded $15, the abandonment of the allegation that the damage exceeded $15 would leave the offence of maliciously destroying goods and chattels of the value of $15 fully described, and the issue thereon might be tried by the court.   Without the aban-

donment of the charge that the damage exceeded $15 the issues could not be tried by the court, but must be tried by a jury. When the state's attorney joined with the defendant in a consent that a jury be waived and the cause tried by the court, he, in our opinion, abandoned so much of the second count as charged that the damage exceeded $15 as effectually as though he had entered a *nolle prosequi* as to so much of the count as charged that the damage exceeded $15.

The case of Paulsen v. The People, 195 Ill. 507, is relied upon as conclusive against the power of the court to try plaintiff in error upon the indictment in this case. The distinction between the facts of that case and the law applicable thereto and the facts of this case and the law applicable thereto, are obvious, and we think controlling. The indictment in that case charged Paulsen with a violation of section 1 of the act for the protection of bank depositors. Under that act the receipt of a deposit by a banker when insolvent is, without regard to the amount of the deposit so received, punishable by fine, and may in addition to the fine, be punished by imprisonment in the penitentiary. The indictment against Paulsen charged, and any indictment for a violation of said section 1 must necessarily charge, an offense that may be punished by imprisonment in the penitentiary, and it was upon the ground and for the reason that the offence with which Paulsen was charged was one which might be punished by imprisonment in the penitentiary, that the Supreme Court held that he could only be tried by a jury.

It is further contended that the evidence is not sufficient to support the finding; but this contention cannot be sustained. The testimony of the witnesses for the prosecution to establish the guilt of plaintiff in error was direct, and, if true, conclusive. To answer the case thus made there was only the testimony of the defendant and evidence and the admission on the part of the people that his reputation as a peaceable and quiet citizen was good.

The judgment of the Criminal Court is affirmed.

*Affirmed.*