## Commonwealth v. Hall.

*Trial by jury—Right of defendant to waive jury trial and elect to be tried by the court—Constitution, art. i, sects. 6 and 9.*

1. The provisions of the Pennsylvania Constitution, art. i, § 6, that "trial by jury shall be as heretofore and the right thereof remain inviolate, and art. i, § 9, that "in all criminal prosecutions the accused hath a right to . . . a speedy public trial by an impartial jury of the vicinage," are not violated by permitting a defendant in a prosecution for assault and battery to waive a trial by jury and elect to have his case tried by the judge without a jury.

2. The Constitution does not guarantee a trial by jury, but only the right to trial by jury, and, hence, the right may be waived and the judge has jurisdiction to try the case without a jury if the defendant so elects.

Indictment for assault and battery. Motion for a new trial. Q. S. Phila. Co., Aug. Sess., 1925, No. 48.

*Charles Edwin Fox*, District Attorney, and *Joseph K. Willing*, Assistant District Attorney, for Commonwealth.

*John C. Hinckley* and *J. B. Colahan*, for defendant.

Lewis, J., July 1, 1926.—When the above case was called for trial, the defendant, through his counsel, expressly waived a trial by jury, whereupon the trial judge proceeded to hear the testimony without a jury, and at the conclusion of the testimony adjudged the defendant guilty of the charge on which he had been indicted, namely, assault and battery, and to which he had pleaded not guilty. The defendant has now filed a motion for a new trial on the ground that his waiver was ineffective, in that he could be lawfully tried only by a jury.

It might be argued that the motion should be refused on the ground that one who has without duress waived a "right" to trial by jury and submitted himself to trial by the court has no standing to later question the validity of the waiver. Defendant contends, however, the question is one of jurisdiction; that the trial by the presiding judge is a nullity; and that a waiver cannot give validity to a procedure deemed to be unsanctioned by the Constitution and statutes of our Commonwealth.

As to this, were we content to accept various general statements found in text-books, we should probably conclude that the position now assumed by defendant is correct. The importance of the question and our own interest in the improvement of our procedure in criminal cases have, however, led us to make a careful search of the authorities, as a result of which we have reached the conclusion that there is nothing in our constitutional or decisional law which would be violated by permitting a defendant, under the circumstances here present, to waive a jury; we have, furthermore, taken the view not only that no objection is to be found at the present time to countenancing such procedure, but that for many reasons the practice is to be encouraged.

We will, as briefly as the nature of the survey will permit, review the provisions of our State Constitution, then such authorities as we have found in our own reported cases, and, finally, the cases from other jurisdictions. We need not concern ourselves with the Federal Constitution, for it has been ruled that, so far as that document is concerned, trials in the state courts meet all requirements if they are held in accordance with proper judicial proceedings of the state; nothing in the Federal Constitution precludes even the abolition by a state of trial by jury: Frank *v.* Mangum, 237 U. S. 309; Hallinger *v.* Davis, 146 U. S. 314; Hurtado *v.* California, 110 U. S. 516; Moschzisker, Trial by Jury, §§ 384 and 399.

The rights of a defendant, so far as jury trials in criminal cases are concerned, are by article I of the Pennsylvania Constitution of 1873 excepted out of the general powers of government, as follows: Section 6. "Trial by jury shall be as heretofore and the right thereof remain inviolate," and section 9, "in all criminal prosecutions the accused hath a right to . . . a speedy public trial by an impartial jury of the vicinage." These provisions, in almost the same form, are to be found in two of the earlier Constitutions, those of 1790 and 1838.

In the first Constitution of this Commonwealth, the provision corresponding to section 6 of the Bill of Rights of the present one read (chapter 2, section 25): "Trials shall be by jury as heretofore. . . ." Were this provision still in our Constitution, we should probably have no hesitancy in saying that it precluded any waiver of a jury by an accused, at least in all cases theretofore requiring jury trials.

Mr. Justice Schaffer in Com. v. Maxwell et al., 271 Pa. 378, after referring to the different phraseology of our first Constitution regarding jury trials, said: "This first constitutional enactment on the subject indicates that what was to remain as theretofore was the 'trials' of certain kinds of cases and the method of trial; they were to be by jury as theretofore, not by a judge alone or by some other tribunal, and the trial itself was to be carried on as such trials had customarily been conducted. . . ."

The question was raised in that case whether "heretofore" refers to jury trials as conducted in England or in Pennsylvania, since justice had been administered here according to English forms for about a century prior to our first Constitution. Among the early laws in force in this Commonwealth which had been agreed upon by Penn and his associates in England was the provision: "That all trials shall be by twelve men, and as near as may be peers, or equals, and of the neighborhood, and men without just exception. In cases of life, there shall be first twenty-four returned by the sheriff for a grand inquest, of whom twelve at least shall find the complaint to be true; and then the twelve men or peers, to be likewise returned by the sheriff, shall have the final judgment. But reasonable challenges shall be always admitted against the said twelve men or any of them." See Duke of York's Book of Laws (Charter and Laws of the Province of Penna.), page 100.

When this provision was taken over into "The Great Law" or "The Body of Laws" enacted in assembly at Chester in 1682, it read: "That all Tryalls in Civil Cases, shall be by twelve men, and as neer as may be, Peers or Equals and of the neighborhood, and men without just exception. And in Criminal matters of life," etc. See Duke of York's Book of Laws (Charter and Laws of the Province of Penna.) page 117.

In Proprietor v. Wilkins, an early colonial case (1685-6) found in Pennypacker, Pennsylvania Colonial Cases, page 88, the defendant was asked "by whom she would be tried, and she answered: 'By the bench of Justices without a petty jury.' Samuel Hersent, attorney for the king, governor and prosecutor, thereupon raised an interesting question of law," contending it was contrary to law to try a prisoner without a "pettie jurie." It is then stated that "The court, however, overruled the application, tried her themselves and sentenced her to pay a fine." It appears that the defendant had pleaded guilty.

Two early English cases are often cited as showing the law of England to be opposed to waiver of jury trials, Case of Lord Dacres, 1 How. St. Tr. 407, and Case of Lord Audley, 3 How. St. Tr. 401, but no enlightenment is to be obtained from these reports, since no discussion of the subject is to be

found therein. Some, in referring to the cases, have said that they were based on the provision of *Magna Charta* that "No free person shall be taken or imprisoned . . . or be punished in any other way; nor will we come upon him, nor send him to prison, unless by legal decision of his equals, or by the law of the land." This provision clearly is not a grant of a privilege, but the prescribing of a tribunal by which the accused might be tried in case he did not select one of the other modes of trial, *i. e.*, by ordeal, by battle or by compurgators, though it is now undisputed that *Magna Charta* has no claim to be styled, as it often has been, the origin and guarantee of trial by jury, with which it had nothing whatever to do: Clark, *Magna Carta* and Trial by Jury, 58 Am. Law Rev. 24.

Each of our subsequent Constitutions, however, granted a privilege rather than prescribed a tribunal. The right to trial by jury should remain inviolate and trial by jury should be as heretofore. What was trial by jury "heretofore?" Mr. Justice Dean in Smith v. Times Publishing Co., 178 Pa. 481, 528, said it meant that: "Twelve men (or women now, Com. v. Maxwell, 271 Pa. 378) · must be called from the panel drawn from the body of the county; in their selection (the defendant) has a right of challenge peremptorily and for cause; the jury shall see the witnesses, hear the evidence, the arguments of counsel, the charge of the court; then they can render a verdict, if the whole twelve be agreed. . . . This is trial by jury as heretofore, the right whereof is to 'remain inviolate.' "

Chief Justice Brown in Com. v. Collins, 268 Pa. 295, stated: "The provision that trial by jury shall be as heretofore and the right thereof remain inviolate has been a fundamental principle in this state from the time of Penn's Charter: 1 Col. Rec. 37; it was embodied in the Constitutions of 1790 and 1838. Its meaning is that a jury shall continue to be the tribunal for the determination of all questions of fact in controversies between individuals and in actions and prosecutions brought by the Commonwealth, its substantial feature being that the jury shall consist of twelve good and lawful men, whose verdict must be unanimous: Wykoop v. Cooch, 89 Pa. 450; Smith v. Times Publishing Co., 178 Pa. 481."

It could not have been meant that "a jury shall continue to be the (only) tribunal for the determination of all questions of fact" in civil and criminal cases, in view of article v, section 27, of the Constitution and the Act of April 22, 1874, P. L. 109, which permits parties to civil actions to dispense with trial by jury and submit the decision of a case to the court. It is rather interesting to note that the present Chief Justice in his book, Trial by Jury, in paraphrasing the language above quoted, makes it read "*the* jury shall continue to be *a* tribunal for determining questions of fact."

Unless something is to be read into the words of the Constitution which does not appear in the writing of them, it would seem clear that the Constitution does not guarantee a trial by jury, but only the right of trial by jury. This is expressly stated on at least two occasions by Mr. Justice Simpson— *i. e.*, in New York & Penna. Co. v. New York Central R. R. Co., 267 Pa. 64. 78, and Wright v. Barber, 270 Pa. 186—in the second of which appears: "Nor is there any valid objection because of the constitutional provision as to jury trials, for it is only the 'right' of trial by jury which is to remain inviolate. . . ." In the light of this, it cannot be said that any of his constitutional rights have been violated when a defendant, with the permission of the court and state, expressly waives the only thing that is guaranteed to him, viz., the right to have twelve jurors as well as the trial judge hear his case. In a book written a number of years ago (Constitution of Pennsylvania), Mr.

Commonwealth *v.* Hall.

Thomas Raeburn White, of the Philadelphia Bar, reached the same conclusion: "It may, therefore, be concluded that there is nothing in the Constitution to prevent an accused person from waiving a trial by twelve men, but that such waiver must appear upon the record and must take place before trial begins." (Section 12.)

Although no case in Pennsylvania on its facts raised identically the same issue as arises here, we are not without authority from our own decisions in deciding this important question. When we have clearly in mind the uncontrovertible principle that trial by jury, as used in practically all constitutions, means a jury constituted, as it was at common law (see 4 Blackstone's Com., 349; 2 Hale's P. C., 161; 1 Chitty's Cr. Law, 505), of twelve persons, neither more nor less (Thompson *v.* Utah, 170 U. S. 343; Freeman *v.* United States, 227 Fed. Repr. 732), it becomes apparent that decisions to the effect that a defendant, upon trial for a misdemeanor, may consent, upon one of the jurors becoming ill, to the trial proceeding with eleven jurors, take on more significance. After two decisions by judges of Courts of Quarter Sessions that a defendant may not consent to a verdict being returned by a jury of less than twelve (Com. *v.* Shaw, 1 Pitts. 492, and Com. *v.* Byers, 5 Pa. C. C. Reps. 295), President Judge Gunnison, of Erie County, came to an opposite conclusion in Com. *v.* Sweet, 4 Dist. R. 136. A portion of Judge Gunnison's opinion will bear repetition:

"I can see no sufficient reason in principle for denying to a defendant, except, perhaps, in criminal cases of the highest grade, the power to waive this right, when he does so deliberately, with the knowledge of his counsel, and no advantage is taken of him to induce his action. He does, indeed, waive it when he pleads guilty of an indictment, and thereby produces a result that is certain to be disastrous to him; whereas, by consenting to submit his case to a jury, even of less than twelve, he preserves his chances of a favorable verdict. He should, in such cases, be treated as a reasonable being, responsible for his acts, permitted the free exercise of his judgment, and held accountable therefor.

"As a legacy from a former age, when punishments were cruel, unreasonable and disproportionate to the offences committed, and when, too often, to be accused was to be convicted, we have a system of criminal pleading and practice which abounds in artificial and technical rules and maxims, adopted in the interest of humanity. By statute, many of the absurd results of these technicalities have been guarded against and corrected, but many still survive which obstruct rather than assist the equal dispensation of justice, and which, it is probable, would not now exist in any modern system, constructed anew from the foundation. Such as are firmly established we must follow; but where an unreasonable technicality is relied upon, it should not be permitted to prevail, excepting where based upon authority."

The question as to defendant's right to consent to a trial by a jury of less than twelve was, we think, set at rest in Com. *v.* Beard, 48 Pa. Superior Ct. 319, in which Judge Endlich's masterly and learned opinion was adopted as the opinion of the appellate court. Although Judge Endlich expressly states (and distinguishes cases cited to him on the ground) that the right of an accused to waive a jury altogether and submit himself to trial by the court alone is "a proposition going much further than any here involved," our reading of the opinion, particularly the portions dealing with and criticising cases from other jurisdictions holding there can be no waiver, leads us to the conclusion that there is no such substantial distinction as to preclude using the case as a precedent here. It will be referred to later.

The case of Lavery *v.* Com., 101 Pa. 560, was concerned with the constitutionality of the Act of May 1, 1861, P. L. 682, which permitted a person arrested for certain enumerated crimes (the lower grades of misdemeanors and some of the lower grades of felonies), when brought before a justice of the peace, to demand a trial by a jury of six. The constitutional provisions relating to jury trials were carefully considered and the conclusion reached that none was violated by the statute in question. The opinion contains this enlightening dissertation on the privilege conferred in the Bill of Rights of our State Constitution:

"If trial by jury and proceedings by information, as this is called, is a constitutional right, why is it not a right that a defendant may waive? A defendant may waive a constitutional provision in his favor. Section 10 of article I of the Bill of Rights says: 'No person shall for the same offence be twice put in jeopardy of life or limb.' A defendant convicted of an offence, who applies for a new trial and receives it, waives the privilege of section 10. The defendant has volunteered to put himself in jeopardy of life and limb. He is tried twice for the same offence and it is done with his consent. Section 9 says: 'In all criminal prosecutions the accused hath a right to be heard by himself and his counsel,' and so on. If he pleads guilty to an indictment, he waives that privilege, as also the privilege of a trial by jury according to the course of the common law or any other law. And, further, by section 9: 'He has a right to meet the witnesses face to face' 'and to have compulsory process for obtaining witnesses in his favor, and in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage.' Very many times in the trial of a cause depositions are taken and the witnesses are not present in court—so the testimony taken in a former trial is read against him upon a second trial. It is done by consent of the defendant, and so far it is a waiver by the defendants of the privileges of the Bill of Rights. 'The defendant is also entitled to a speedy public trial by a jury of the vicinage,' and he applies for a continuance—it may be for one, two or three terms—and does not demand to have a speedy public trial. Does he not, then, waive a privilege of the Bill of Rights?"

It was decided in Mansfield's Case, 22 Pa. Superior Ct. 224, that the Juvenile Court Act of May 21, 1901, P. L. 279, was unconstitutional, among other reasons, because it required children within its provisions to make a formal affirmative demand in order to secure a jury trial, even when charged with an indictable offence. That decision is manifestly correct, since the constitutional guaranty of a *right* to trial by jury is violated when an accused person will not have it unless he demands or requests it. This, of course, is clearly different from the situation where the accused will, in the usual course, have a jury trial unless he takes some affirmative action, as an express waiver, to be tried otherwise. In the course of the opinion, Judge W. D. Porter, after referring to all the provisions of our Constitution anent jury trials, said (page 235): "We do not say that the legislature might not enact a law which would make it possible for one accused to waive, by some positive affirmative action, these constitutional rights, but in a criminal proceeding there can be no waiver by mere implication."

If the legislature could make such a valid enactment, it follows that there is nothing in the Constitution which would prohibit it. If there is nothing in the Constitution forbidding such procedure, we do not see any reason why an act of the legislature is required to permit it to be followed.

Our conclusion from a study of the terms of the Constitution of this Commonwealth and a careful consideration of the cases decided by our courts is

that no rights or privileges conferred by the former would be curtailed or violated by permitting a defendant to waive a jury at his trial, and that there is nothing in the latter opposed to, but much in favor of, such a right, at least in the case of misdemeanors.

Let us now turn to the cases decided by the courts of our sister states, for it is generally said that most of them have held against the right of waiver. See 35 Corpus Juris, 198; 3 Wharton's Criminal Procedure (10th ed., 1918), 2097. As a result of his study of these decisions, Judge Endlich in Com. v. Beard, 48 Pa. Superior Ct. 319, said: "If it be true that numerically those preponderate in which the right of waiver has for one reason or another been denied, it is very confidently believed that those affirming it have the better of the argument, are more in accord with rational modern views of legal procedure, conform alike to ordinary notions and to the highest practical standards of right and fairness and fall in readily with the common sense way in which the law of this state deals with questions not backed by actual and substantial, as opposed to abstract and technical, merit."

Our study of the same cases has not only led us to the same conclusion, but has also disclosed that practically all of the opinions in support of decisions that the right to a jury cannot be waived are based entirely on specific mandatory provisions of the state code, a statute or of the Constitution. For example, it is settled that, except in the case of "petty offence" (Schick v. United States, 195 U. S. 65, 49 L. Ed. 99), a defendant in a criminal case in the Federal courts cannot waive a jury: 1 Zoline's Federal Criminal Law and Procedure (1921), § 266; Thompson v. Utah, 170 U. S. 343; Callan v. Wilson, 127 U. S. 540; Coates v. United States, 290 Fed. Repr. 134 (C. C. A., 4th Cir., 1923) ; Blair v. United States, 241 Fed. Repr. 217 (C. C. A., 9th Cir., 1917) ; Freeman v. United States, 227 Fed. Repr. 732 (C. C. A., 2nd Cir., 1915) ; Low v. United States, 169 Fed. Repr. 86; United States v. Grove, 9 Minn. L. Rev. 687 (1925). Such a conclusion is easily understood—indeed, it is inescapable—in view of the provisions of the Federal Constitution (article III, section 2) : "The trial of all crimes, except in cases of impeachment, shall be by jury. . . ." Had the framers of our State Constitution intended a similar result, they would undoubtedly have used the same mandatory language.

Decisions from the following jurisdictions are cited as authority for the proposition that a trial by jury cannot be waived by the defendant in criminal prosecutions: Arkansas, Connecticut, Illinois, Iowa, Louisiana, Michigan, Missouri, Nebraska, New York, North Carolina, Ohio, Oklahoma, Rhode Island, Texas, Vermont, Virginia, Wisconsin. We have located no others. An examination of these decisions will show that, as we have stated, practically all rest mainly on mandatory provisions in statutes, codes or constitutions.

In Arkansas, the early cases of Wilson v. State, 16 Ark. 601; Bond v. State, 17 Ark. 290, and Cooper v. State, 21 Ark. 228, reversed convictions in trials held before a judge alone, the accused having waived a jury, because the state statute of "Criminal Proceedings" provided: "All issues of fact, in any criminal or penal cause, shall be tried by a jury." Hence, the court said, there was no other mode for the trial of a criminal issue than that by jury. These decisions were nullified by a provision of the State Constitution of 1874, specifically permitting such a waiver (article 2, section 7).

In a Connecticut case, State v. Maine, 27 Conn. 281, without discussion, it is simply stated: "The judges were of the opinion that, as no statute conferred on the Superior Court the power to try this or any other criminal

charge, excepting through the intervention of a jury, the court below could not legally try the case in the manner in which it had done."

The constitutional provisions in Illinois are somewhat similar to those of this Commonwealth. There, however, the criminal code provides: "Section 8. All trials for criminal offences shall be conducted according to the course of the common law, except when this act points out a different mode." "Section 11. Juries in all criminal cases shall be judges of the law and of the fact." Thus, in Harris v. People, 128 Ill. 585, 21 N. E. Repr. 563, it was held that a judge sitting without a jury had no jurisdiction to try, convict and sentence an accused upon an indictment for a felony, the court saying: "But it is said that the right to a trial by. a jury is a right which the defendant may waive. This may be admitted, since every plea of guilty is, in legal effect, a waiver of the right to a trial by the legally constituted tribunal. But while a defendant may waive his right to a jury trial, he cannot by such waiver confer jurisdiction to try him upon a tribunal which has no such jurisdiction by law."

This ruling was followed in Morgan v. People, 136 Ill. 161, 26 N. E. Repr. 651, which likewise was an indictment for a felony. In the case of misdemeanors, at least those which might be legally prosecuted without an indictment, the Illinois courts have held that a defendant may waive a jury (Zarresseller v. People, 17 Ill. 101; Brewster v. People, 183 Ill. 143, 55 N. E. Repr. 640); provided, however, as stated most clearly in the last-cited case, there is a statute of the legislature conferring the right of waiver. In the absence of such a statute (and it would appear from the opinion there could be no such statute in the case of misdemeanors requiring indictment), the Illinois Supreme Court held there could be no waiver in any case in which an indictment would be necessary to a legal prosecution: Paulsen v. People, 195 Ill. 507, 63 N. E. Repr. 144. The only tribunal, said the court, which at common law had jurisdiction to try the guilt or innocence of persons charged by indictment with the violation of the criminal law was one of which the jury was an essential branch, "and it is not within the power of one accused by indictment of an offence which can only be lawfully prosecuted by an indictment, even with the consent of the state's attorney, to confer upon the judge of such tribunal the power to try and determine as to his guilt or innocence without the intervention of a jury."

The decisions in Iowa are particularly significant as showing the effect which code provisions have had on the result reached by the courts. The constitutional provisions regarding jury trial are practically the same as ours. In the case of State v. Kaufman, 51 Iowa, 578, 2 N. W. Repr. 275, which was decided before the court had any code provisions to consider, it was stated: "The question for determination is whether a defendant in a criminal action, with the consent of the state and court, can waive the foregoing constitutional provision and is bound thereby. The first impression would be, we think, that a constitutional provision could be waived as well as a statute. . . . We, however, may remark, without committing ourselves thereto, that it is difficult to see why a defendant may not, with the consent of the court and state, elect to be tried by the court."

In later cases, however, the opposite result was reached. In State v. Carman, 63 Iowa, 130, 18 N. W. Repr. 691, after referring to provision 4350 of the Code, to the effect that *"an issue of fact must be tried by a jury,"* the court said: "We regard this provision as excluding the jurisdiction of the court without a jury to try such issue." This was followed in the case of State v. Douglass, 96 Iowa, 308, 65 N. W. Repr. 151, in which, after making

reference to the state constitutional provisions, which, as stated before, are practically identical with ours, the court said: "It may be conceded that these provisions do not require that all trials in criminal cases be by a jury, but it does not follow that in all such trials juries may be waived." The court then based its decision entirely on the code provision referred to above, saying: "The question is not whether rights which are guaranteed by the Constitution may be waived, but whether an absolute provision of the law may be set aside and a power which the statute has withheld be conferred by agreement."

The same ruling is to be found in State v. Larrigan, 66 Iowa, 426, 23 N. W. Repr. 907; State v. Rea, 126 Iowa, 65, 101 N. W. Repr. 507; State v. Williams, 195 Iowa, 374, 191 N. W. Repr. 790; State v. Stricker, 196 Iowa, 290, 194 N. W. Repr. 60 (Iowa, 1923).

It is manifest that such decisions as the above cannot be taken to be authority for the broad statement either that to permit a defendant to waive his right to a jury trial in a criminal case is to violate some of his constitutional rights or that the courts believe such should not be permitted. The Iowa decisions rest solidly on the mandate of the legislature.

In Louisiana there is a constitutional direction that all cases "in which the punishment is necessarily at hard labor shall be tried by a jury of twelve." In State v. Thompson, 104 La. 167, 28 So. Repr. 882, the defendant, who stood accused of a crime punishable by a sentence of hard labor, waived a trial trial and asked to be tried by the court alone, but this was refused. The appellate court held that this was not error, in view of the constitutional provisions. See, also, State v. Jackson, 106 La. 189, 30 So. Repr. 309. The same provision is to be found in the Constitution of 1921, and upon the same ground it has since that time been held by the Louisiana Supreme Court that a jury trial cannot be waived by a defendant who, if convicted, must be sentenced to hard labor: State v. Hataway, 153 La. 751, 96 So. Repr. 556. In State v. Woodard, 144 La. 845, 81 So. Repr. 337, there is a *dictum* to the effect that a jury may be waived by a defendant who is tried for a crime punishable by imprisonment with or without hard labor.

The question came before the Michigan Supreme Court in the case of People v. Smith, 9 Mich. 193, in which the defendant was tried before the Recorder of Detroit, having waived a trial by jury. In view of the fact that the charter of Detroit, although it provided or implied that jury trials might be waived, did not set up the machinery or provide how it was to be carried out, the court said: "We must, therefore, conclude that until the legislature goes further and provides some machinery for the trial and review of criminal causes in courts of record without a jury, the clause of the charter referred to must remain inoperative to change the general law."

The court, in Hill v. The People, 16 Mich. 351, although the problem was not squarely before it, seemed to discountenance the idea of any waiver of a jury.

In the early Missouri case of Neales v. State, 10 Mo. 498, the court apparently dismissed the question rather summarily by saying: "It is exclusively the province of a jury to try the issue of not guilty, and the consent of the defendant for the court to try the same cannot confer such power on the court."

The reason for this decision, however, is stated in the later case of State v. Moody, 24 Mo. 560, wherein it is said that the Neales case was decided under the Revised Code of 1845, which required all issues of fact in any criminal case to be tried by a jury. The Revised Code of 1855 eliminated this requirement, so far as misdemeanors were concerned. In State v. Mansfield, 41 Mo.

470, a prosecution for a felony, one of the jurors became sick, but with the consent of the prisoner the trial was proceeded with. On appeal, the court held that the defendant could not legally waive his constitutional right to be tried by a legal jury. "His right to be tried by a jury of twelve men is not a mere privilege; it is a positive requirement of the law." This, of course, referred to the Missouri Code.

*Habeas corpus* proceedings were instituted in a Nebraska case, Michaelson v. Beemer, Warden, 72 Neb. 761, 101 N. W. Repr. 1007, in which the defendant had waived a trial by jury. Although the constitutional provisions in Nebraska are very similar to ours, the Code, which provided for a waiver of jury trials in civil cases, but not in criminal cases, specifically required that "in all criminal cases . . . the jury summoned and impaneled . . . shall try the accused." The court then stated its opinion: "If, then, the only tribunal provided by the Constitution and laws of the State of Nebraska for the trial of one charged with a felony is a court and jury, it follows that the parties cannot by agreement constitute some other tribunal for this purpose."

The New York case of Cancemi v. People, 18 N. Y. 128, is often cited. That was an indictment for murder, and during the trial one of the jurors was withdrawn with the consent of defendant. Mainly on the principle that the state has such an interest in the lives of its citizens that a defendant in a criminal prosecution is not to be permitted, by consent, to affect the conduct of the case, especially to change "great and leading provisions as to the organization of the tribunals or the mode of proceeding prescribed by the Constitution and the laws," the court concluded that "when issue is joined upon an indictment, the trial must be by the tribunal and in the mode which the Constitution and laws provide, without any essential change." The great and leading provisions to which the court referred appear to have been that part of the Constitution of New York which declared (article 1, section 2) that "the trial by jury, in all cases in which it has heretofore been used, shall remain inviolate forever;" and the provisions of the Revised Statutes, in reference to trials in criminal cases, that the twelve first jurors who shall appear on being called, and be approved as indifferent, shall constitute the jury, with the consideration of the implication involved in another provision of the Constitution that "a jury trial may be waived by the parties, in all civil cases, in the manner prescribed by law," the Supreme Court finding in this authorization of a waiver in civil cases an implied prohibition of a waiver in criminal cases. This case and the one we next refer to are undoubtedly against our view of the question under discussion. We have read both decisions with care, and are not only not convinced by the reasoning of the opinions, but are, to the contrary, made more certain in our conclusions as to what should be held in Pennsylvania. In People v. Cosmo, 205 N. Y. 91, 98 N. E. Repr. 408, the defendant was convicted of murder. A motion was made to set aside the verdict on the ground that one of the jurors was incompetent for lack of property qualifications required by statute. This juror had been accepted by both sides without objection. On appeal, it was argued that the defendant, by acceptance, could not waive the statutory requirement as to jurors. In its opinion, the court of appeals discussed "the sacredness and importance of the right to trial by jury," saying: "The first great command of that charter of our rights [the Constitution] is that 'no member of this state shall be disfranchised or deprived of any of the rights secured to any citizen thereof, unless by the law of the land or the judgment of his peers' (article 1, section 1) ; and the second is that 'the trial by jury in all cases in which it has been heretofore used shall remain inviolate forever' (article 1,

Commonwealth v. Hall.

section 2). And, as if to lend solemnity and emphasis to this declaration in the 2nd section, it is further ordained that 'a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law' (article I, section 2). The inevitable implication of this language is that the citizen is not only entitled to a trial by jury in all cases in which it has been heretofore used, but that in criminal cases in which it has been heretofore used, it cannot be waived by either party. The period referred to in the expression 'heretofore used' is the time which antedates the adoption of the original Constitution, when the common law was in force: Duffy v. People, 6 Hill, 75. It must follow that if the right itself cannot be waived, neither can there be a waiver of anything that is essential to the full benefit or protection which the right is designed to safeguard: Cancemi v. People, 18 N. Y. 128, 136." The opinion proceeds with a discussion of the common law jury, stating that from time immemorial juries consisted of twelve men, these twelve chosen by a selective process, this process constantly changing in form. The opinion further concludes: "Thus we see that the right of trial by jury, both in England and here, is imbedded in the Constitution; and we see it is a right which in criminal cases cannot be waived." This was all *dictum*, since the point subsequently discussed in the opinion and upon which the case turned was the right of a defendant to waive the statutory qualifications of jurors in a murder case, the court holding that such a waiver was effective and did not invalidate the trial, saying, "the one thing guaranteed by the Constitution is the right of trial by jury in all cases in which it had been used before the adoption of either of our successive statutes," and that this guarantee did not extend to any fixed method of selecting the jury, this process of selection being held to be necessarily a matter to be regulated by statute. The judgment of conviction was affirmed.

The Constitution of North Carolina provides that, except where the legislature may designate other means of trial for petty misdemeanors with the right of appeal, "no person shall be convicted of any crime but by the unanimous verdict of a jury of good and lawful men in open court." A conviction based upon a trial before a judge, a jury having been waived, was accordingly set aside in State v. Stewart, 89 N. C. 563, as were also convictions in cases in which, although the defendants did not expressly waive a jury trial, the facts were agreed to and submitted to the court: State v. Pulliam, 184 N. C. 681, 114 S. E. Repr. 394; State v. Holt, 90 N. C. 749. See, also, State v. Scruggs, 115 N. C. 805, 20 S. E. Repr. 720.

At the trial of the defendant in the case of Williams and Haynes v. State, 12 Ohio St. 622, he waived a jury trial and consented to be tried by the court alone, and later moved for a new trial on the ground that this was improper. At the argument before the appellate court, the attorney-general appeared and agreed to a reversal of the judgment on the ground that in the higher grades of crime it is not within the power of the accused to waive a trial by jury. The report simply states that the court was of the opinion that such is the law. No formal opinion by the court appears. This case has been repudiated in later Ohio decisions, as will be shown.

In view of such statutory provisions as "an issue of fact arises, first, upon a plea of not guilty. . . . Issues of fact must be tried by a jury," and "no person can be convicted of a public offence unless by a verdict of a jury . . . or upon a plea of guilty," except in cases of petty misdemeanors and violations of municipal ordinances, the Oklahoma Supreme Court (Re McQuown, 19 Okla. 347, 91 Pac. Repr. 689) decided that cases not within the exception may not be tried without the intervention of a jury.

In Rhode Island, in view of the fact that the general laws expressly prohibit the waiver of a jury trial in criminal cases, the Supreme Court has held that the trial court has no jurisdiction to try a case without a jury, saying the provision of the law is mandatory: State v. Battey, 32 R. I. 475, 80 Atl. Repr. 10.

Statements on this subject, although the question of an express waiver of trial by jury was not involved, are to be found in the Texas cases of Duncan v. State, 79 Tex. Cr. 206, 184 S. W. Repr. 195, and Jones v. State, 52 Tex. Cr. 303, 106 S. W. Repr. 345, and are based entirely on provisions of the Code of Criminal Procedure that "the defendant in a criminal prosecution for any offence may waive any right secured to him by law, except the right of trial by jury in a felony case." Both of the cases cited involved indictments for felonies.

The question of a defendant's right to waive a jury was discussed in the Vermont case of State v. Hirsch, 91 Vt. 330, 100 Atl. Repr. 877, although the accused in that case did not expressly waive trial by jury. The statement that there could be no waiver is based on the statutory law that "no person shall be convicted of an offence unless by confession of his guilt in open court . . . or by the verdict of a jury accepted by the court and recorded."

The Virginia decision often referred to, Mays v. Com., 82 Va. 550, was decided solely on the ground that "there is no statute authorizing an issue joined upon a plea of not guilty in a criminal prosecution in a court of record to be tried otherwise than by a jury." In the absence of such legislative authority, it was said that the court had no jurisdiction to try the accused without the presence of a jury.

The decisions of Wisconsin are interesting. In State v. Lockwood, 43 Wis. 403, a conviction was reversed because it appeared that the accused had waived a jury trial and had submitted his case to the court. It was said that a plea of not guilty puts the accused upon the country and he can be tried by the jury only, which is a right "secured by the Constitution, upon a principle of public policy, and cannot be waived." This case has recently been followed in State v. Smith, 200 N. W. Repr. 638. Shortly thereafter the case in Re Staff, 63 Wis. 285, 23 N. W. Repr. 587, brought before the court an act of the legislature which allowed the defendant in criminal trials in the Municipal Court to waive a trial by jury. In holding the act constitutional, it was said: "We find no provision in the Constitution which denies to the legislature the power to permit a person charged with crime to waive a jury and be tried by the court. There may be circumstances which would lead the accused to desire such a trial, and it might be greatly to his benefit. Why should he be denied the privilege? In the absence of a statute conferring it, there may be some good reason resting in considerations of public policy (although, perhaps, not very apparent) why he should not have such privilege. But when the legislature says that he may have it, and thus establishes a different public policy, what constitutional rule is violated? . . . We have more difficulty in finding a satisfactory reason for holding that any legislation is required to confer the right to waive a jury."

The facts in the case of Jennings v. State, 134 Wis. 307, 114 N. W. Repr. 492, were that, after a jury of twelve had been sworn, one of the jurors disappeared, but the trial proceeded with the defendant's consent. The Supreme Court reversed the judgment on the ground that there was no statutory authority for permitting the defendant to waive any part of a trial by a full jury of twelve. The weakness of these decisions is pointed out by Marshall, J., in his dissenting opinion in the case last cited: "Since, if the right or privi-

lege of trial by jury is one which, under the Constitution, the accused must enjoy, whether he so wills or not, unless he pleads guilty, it is illogical to conclude that the legislature can order otherwise. To say that, whereas in State v. Lockwood it was held that an accused person must be tried by a jury, if tried at all, because the Constitution so commands, yet he may be otherwise tried if he consents and the legislature permits, is to put the latter above the former."

It will be seen, therefore, that the foregoing cases divide themselves into the following groups:

1. Those in which the decisions rest on mandatory provisions of the Constitution. These include the Federal, Louisiana, North Carolina and perhaps New York cases. In speaking of these same decisions, Chief Justice C. T. Marshall, in State v. Baer, 103 Ohio St. 585, 134 N. E. Repr, 786, said: "There can be no doubt as to the correctness of the conclusions reached by the court, and the decisions of the courts of those states cannot be of any service; neither can they be regarded as in any sense an authority in determining the question in states like Ohio, where the Bill of Rights is merely the declaration of a right or privilege, without any statute on the subject."

The Pennsylvania Constitution is likewise not mandatory in form, and, hence, these decisions are not in point.

2. Those in which the decision of the court rests on a provision of the State Code or statute law requiring trials to be by jury, including decisions from Arkansas, Illinois, Iowa, Missouri, Nebraska, Oklahoma, Rhode Island, Texas and Vermont. Since we have no similar code or statute provisions, these decisions are of little help.

3. Those cases in which the decision of the court is announced without any discussion, including Connecticut and an early Ohio case. Such cases manifestly are not of much weight.

4. Those cases in which the decision is based on the fact that there was no enabling statute providing for a trial before a judge without a jury, including decisions in Illinois, Michigan, Virginia and Wisconsin.

We pass now to the decisions recognizing the right of a defendant to waive trial by jury—and all that we have found are here reviewed. Reference has already been made to the case of State v. Kaufman, 51 Iowa, 578, 2 N. W. Repr. 275. Perhaps the outstanding jurisdiction allowing such a waiver is Maryland, and an enlightening review by Judge Bond, of the Supreme Bench of Baltimore, of the Maryland system, appears in the Massachusetts Law Quarterly for May, 1921. It seems that it has long been the practice in that jurisdiction to ask a defendant in a criminal case how he wishes to be tried, the accused being allowed his choice between a jury trial and a trial by a court without a jury. It is to be noted that the Maryland Constitution of 1867 provides in article XXI of the Bill of Rights: "That in all criminal prosecutions, every man hath a right . . . to a speedy trial by an impartial jury, without whose unanimous consent he ought not to be found guilty." The case of League v. State, 36 Md. 257, permitting waiver, was decided under a provision of the Code that "any person presented or indicted may, instead of traversing the same before a jury, traverse the same before the court, who shall try the law and the facts."

In State v. Woodling, 53 Minn. 142, 54 N. W. Repr. 1068, the defendant, arraigned upon a complaint for assault and battery, pleaded not guilty, and expressly waived a jury and was tried by the court. In upholding this procedure the court said: "As to what constitutional rights may be waived by defendants in criminal cases, and particularly whether they can waive the

right of trial by jury, is a subject upon which much has been written, and upon which there is much difference of opinion. Without going into any general discussion of the subject, we may say that it seems to us that perhaps the true criterion is whether the right is a privilege intended merely for the benefit of the defendant, or whether it is one which also affects the public or goes to the jurisdiction of the court. If it belongs to the first class, we see no good reason why the accused may not waive it; but if it belongs to the latter, it would seem that no consent on his part could amount to a valid waiver; and the different views entertained as to the nature and object of the constitutional provisions relating to the right of trial by jury in criminal cases will probably account for the conflict of decisions as to whether it can be waived. . . . If our Constitution provided, as did the original Constitution of the United States (article III, section 2), that 'the trial of all crimes (except in cases of impeachment) shall be by jury,' there would be good grounds for arguing that a jury was intended to be an essential part of the constitutional tribunal for the trial of crimes, without which it would not be legally constituted, any more that it would be without a judge. But our Constitution contains no such provision. Its language is (article I, section 6) : 'In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury,' etc. This language imports merely a grant or guaranty of a right to the accused for his own protection, and seems to us never to have been intended to prescribe the organization of the court, or to make a jury an essential part of it. If this be so, it necessarily follows that the presence or absence of a jury is not a jurisdictional matter—that is, it does not go to the constitutional organization of the court— and that, if the defendant cannot waive a jury trial, it must be purely upon grounds of public policy, and because the public have such an interest in the life and liberty of the citizen that he ought not to be allowed to waive this safeguard which the Constitution has thrown around him. If the right is intended merely for his protection, it is difficult to see why on principle he may not waive it, or why any distinction in that regard should be made between the right to a jury trial and various other rights which it is uniformly held that he can waive."

One of the strongest opinions on this subject is that of Chief Justice C. T. Marshall in State v. Baer, 103 Ohio St. 585, 134 N. E. Repr. 786, in which it appeared that the verdict of guilty of manslaughter had been, with the defendant's consent, found by only eleven jurors, one having become sick during the course of the trial. The conviction was upheld by the Supreme Court. A thorough review of all the authorities is to be found in the opinion, and each of the reasons given by other courts for refusing to recognize the right of waiver is carefully considered, the court finally coming to the conclusion that the Bill of Rights in the Ohio Constitution, the provisions of which are somewhat analogous to our own, merely guaranteed a right or privilege and did not constitute a statement of the exclusive tribunal before which accused persons might be tried.

Chief Justice Shaw's opinion in Com. v. Dailey, 12 Cush. 80 (Mass., 1853), is often pointed to for its discussion on the subject of waiver, although the precise question before the court was whether eleven jurors could return a verdict upon which a valid judgment might be entered when one juror was withdrawn by necessity. The decision was in the affirmative, the opinion stating: "It may be said, perhaps, that a criminal case is no trial of a party's rights; that it is for the interest of the public, in the administration of public justice, that no man shall be convicted or acquitted otherwise than according

Commonwealth v. Hall.

to the course provided by law. Still, even in the administration of the criminal law, many legal provisions are made for the security and benefit of the accused, and it may be for his interest and benefit to waive them. He may, in the first place, waive a trial altogether and plead guilty. He may consent to admit legal instruments offered on the one side, without legal proof of execution, on the belief, perhaps, that the evidence will be beneficial rather than injurious to him. He is supposed to understand his own rights, or be aided by counsel competent to advise and act for him. . . . The principle that the right of trial by jury is placed on the footing of a *lex pro se introducta*, and that the benefit of it may, therefore, be relinquished, is strongly declared by the Supreme Court of the United States in Bank of Columbia v. Okely, 4 Wheat. 235."

A review of the precedents in Massachusetts is given by F. W. Grunell, Esq., in Massachusetts Law Quarterly for August, 1923. The writer came to the conclusion that, despite certain apparently mandatory provisions of the statutory law, the question as to a defendant's right to waive a jury trial in other than minor criminal cases is an open one in Massachusetts. The article strongly advocates the use of the Maryland system. That a defendant may waive a jury in a minor criminal case in Massachusetts is well settled: Jones v. Robbins, 8 Gray, 329; Com. v. Whitney, 108 Mass. 5.

Keeping in mind the provisions of our Constitution, the language used by the court in Bank of Columbia v. Okely, 4 Wheat. 235, 4 L. Ed. 559, and Brewster v. People, 183 Ill. 143, 55 N. E. Repr. 640, is apposite, the Supreme Court of the United States saying in the former case: "Had the terms been that 'the trial by jury shall be preserved,' it might have been contended that they were imperative and could not be dispensed with. But the words are that 'the right of trial by jury shall be preserved,' which places it on the footing of a *lex pro se introducta*, and the benefit of it may, therefore, be relinquished;" and the Illinois Supreme Court in the latter case: "Where a constitution thus provides that the right of trial, and not the trial itself, shall be preserved, the right may be relinquished or waived."

The same view as to the application of the maxim *quilibet potest renunciare juri pro se introducto* is taken in Edwards v. State, 45 N. J. L. 419. In State v. White, 33 La. Ann. 1218, it is said:

"The language 'in all criminal prosecutions, the accused shall enjoy the right to a speedy trial by an impartial jury,' does not, in our opinion, prescribe an exclusive mode of trial of all criminal charges. It intends to secure the right when he claims it, beyond the reach of the power of the legislature or any other department of the government.

"But the language does not justify the interpretation so as to mean that, in all criminal prosecutions, the accused shall or must be tried by jury. It extends or secures to him a valued right, but the language used does not preclude or deny to the accused the power or option to waive the right thus secured."

In a number of cases it has been held that a statute is constitutional which provides that in all prosecutions the defendant may elect to be tried by the court instead of by a jury, some of the statutes excluding capital cases. Examples of these decisions are State v. Worden, 46 Conn. 349; State v. Rankin, 102 Conn. 46, 127 Atl. Repr. 916; Connelly v. State, 60 Ala. 89; Murphy v. State, 97 Ind. 579; Dailey v. State, 4 Ohio St. 57; Dillingham v. State, 5 Ohio St. 280; Ward v. People, 30 Mich. 116; State v. White, 33 La. Ann. 1218. A number of cases are collected in 11 Am. Law Reps. (N. S.) and in 6 Minn. L. Rev. 241, 242, which hold that, as to misdemeanors, the

accused may waive a trial by jury. In some of these cases there is a code or statutory provision allowing the waiver, while in others there is no such provision. See Logan v. State, 86 Ga. 266, 12 S. E. Repr. 406; Austin v. People, 63 Ill. App. 298; Dallman v. People, 113 Ill. App. 507; Jacobs v. People, 218 Ill. 500; State v. Graves, 201 N. W. Repr. 933 (Minn., 1925); Wise v. State, 230 Pac. Repr. 930 (Okla., 1925); State v. Alderton, 50 W. Va. 101, 40 S. E. Repr. 350. See, also, 35 Corpus Juris, 199.

In Indiana, by statute, waiver is permitted in all but capital cases; as to capital cases, the law specifically provides that "trials must be by jury." Under this, it has held that not even a plea of guilty can be addressed to the court alone: Wartner v. State, 102 Ind. 51. In some of the states provisions have been put in the Constitution expressly permitting a waiver of jury trial in criminal cases. See Chief Justice Moschzisker's book on Trial by Jury, § 400.

Some of the authorities state that statutory authority is essential to a waiver of a jury trial, since the court without a jury has no jurisdiction unless it is given by statute. See 2 Bishop's New Criminal Procedure (2nd ed., 1913), § 893, and Edwards v. State, 45 N. J. L. 419. We have already indicated, and will do so further in the succeeding paragraph, that we are unable to see why an enactment of the legislature is necessary to permit a waiver for any reason, including the question of jurisdiction.

Looking at the problem on principle, we are convinced the sounder view favors the doctrine of waiver. The two main arguments advanced against it have been, first, the court without a jury has no jurisdiction of a criminal case. This impresses us as unsound, despite the respectable authorities supporting it. We agree with what has been said several times before, that the . question of jurisdiction is not involved in the problem at all.

"It has been urged in argument that these sections of the Bill of Rights are jurisdictional and that jurisdiction cannot be conferred by consent, but we deny that this question has anything to do with jurisdiction. The Court of Common Pleas . . . had full and competent jurisdiction of the subject-matter of the trial. The provisions relating to the right of jury trial refer only to the form and manner of the trial, and are in no sense jurisdictional in character. If a person has a right to jury trial, and is deprived of such right, it is an irregularity which constitutes error, but does not present a jurisdictional question:" Marshall, C. J., in State v. Baer, 103 Ohio St. 585, 134 N. E. Repr. 786. See, also, 8 Mass. Law Quarterly, No. 5, pages 7, 45.

Secondly, public policy and the interest of the state in the lives of its citizens are declared to forbid the right of waiver. This is full of inconsistencies. Seevers, J., in his dissenting opinion in State v. Carman, 63 Iowa, 130, said:

"It seems to be supposed that life and liberty are too sacred to be placed at the disposal of any one man, and that an innocent man might be influenced to waive a trial by jury, the great safeguard provided by law. This same thought has been otherwise expressed in some of the authorities cited. That the state—the public—have an interest in the preservation of the lives and liberties of the citizens, and will not allow them to be taken away without due process of law. To my mind, this reasoning is not satisfactory. It is certainly true that the accused can plead guilty. The state does not interfere to protect the citizen in such case.

"If he may plead guilty, why may he not elect to be tried by the court instead of by the jury?"

Commonwealth v. Hall.

This same thought was expressed in our case of Com. v. Beard, 48 Pa. Superior Ct. 318, to which reference has already been made.

We agree with Judge Seevers in criticism of this public policy doctrine, which was so stressed by the New York Court of Appeals in the opinion filed in the Cancemi case. The doctrine persists as a survival of the concern which many of the fathers of our country manifested at its founding that there was danger of tyranny from even a representative government. These framers of the government structure desired to protect the individual from the government, and their solicitude was reflected in the decisions of our courts for generations.

It is a phenomenon of political science that conditions have so altered that in these times of reckless individualism and license, fomented and made difficult of control by the massing of a population of very mixed elements, much of it uneducated and undisciplined, the chief concern of the courts and of informed publicists is to protect the state from the individual of lawless disposition and tendencies.

More power and vigor is needed to recondition the "strong arm of the law," and to say that the state's interest in the lives of its citizens demands that one accused of crime should not be permitted to waive trial by jury, because it is a necessary safeguard of an innocent person's life and liberty, is about as convincing to a practical person of this generation as to contend that such paternal interest of the state in the lives of its people justifies the prohibition of travel by aeroplane or sailing vessel because journey by railroad and steamship is less likely to cause injury and death. The preference of the individual for travel by aeroplane or sailing vessel, notwithstanding the supposed greater risk, is apparently not worth considering.

The proposition involves a reflection upon the judges, in that there is an implication that accused persons are more apt to be convicted when tried by a judge without a jury. If this were true, it should furnish an additional appealing reason for the extension of the system, for certainly too many of the guilty now escape conviction and punishment because of the sentimentalism and credulity of the material of which juries are often composed.

What is this public policy that would forbid a person to have what may appear to him to be to his advantage? "To choose a jury is one thing; to be forced to take one is another:" Carter, History of Legal Institutions, 4th ed. "The case seems to have been argued as if the only object of the Constitution, in securing a jury trial, is to rescue a party accused from the grasp of the public prosecutor, and that all the propensities of the judge are in favor of the prosecutor. But the Constitution countenances no such theory; on the contrary, it is solicitous to make the judge impartial and independent, so that he may throw the broad shield of law over an innocent man who is entitled to its protection, whilst it gives a true direction to the weapon of the law to punish those who have been guilty of its violation:" Chief Justice Shaw in Com. v. Anthes, 5 Gray, 185, 232. It must be admitted that the public policy argument is a legacy from the eighteenth century notion of arbitrary magistracy against which the people must be protected: Ex parte Bain, 121 U. S. 1, 12; The Federalist, No. 83; McClain, Constitutional Law, § 254. This is a conception no longer accepted or justified by conditions, as we have stated.

The purpose of the procedural system is to secure a proper trial. At the foundation of some of its incidents is, of course, the thought that the accused must be protected. If the rule is for the accused person's benefit, the validity of his waiver should be beyond question: Schick v. United States, 195 U. S. 65. The reason for our constitutional provisions guaranteeing a jury trial was, in

the beginning, to protect accused persons "from the power of secret, irresponsible tribunals." Interestingly enough, in earlier times trial by jury was encouraged, indeed compelled, because of the "advantages which this mode of trial gave the crown," which was interested in convictions, because of the resulting forfeiture of property: 1 Holdsworth, A History of English Law (3rd ed., 1922), 326.

The Constitution of this Commonwealth grants a privilege or a right with respect to a trial by jury, which is not infringed so long as the person entitled to it may have it or not, as he elects. He may choose not to have a jury trial because he feels it would be to his advantage. This possibility seems to have been of some weight with the Superior Court when, in considering and holding constitutional the Act of April 15, 1907, P. L. 62, which permitted an accused person to waive action by the grand jury by pleading guilty to the indictment drawn, it was said: "There are instances where it would be to the advantage of the accused (for example, if he has been committed to prison) to avail himself of the privilege conferred by the act, instead of being compelled to await the meeting of the grand jury and a trial in court. . . . It does not take away or abridge any constitutional right of the accused, and, in our judgment, does not enlarge the jurisdiction of the criminal courts beyond constitutional limitations:" Com. ex rel. v. Francies, 58 Pa. Superior Ct. 266. See, also, Com. ex rel. v. Francies, 250 Pa. 496.

The theory that the defendant should be permitted to choose the method of trial was part of the origin of the institution. The English common law practice is, in part, described in 1 Chitty on Criminal Law, page 282 (Am. ed.), as follows: "After issue is thus joined, the clerk proceeds to ask the prisoner 'how will you be tried?' which anciently referred to the alternative of trial by battle or by jury."

Nothing in our Constitution, expressly or impliedly stated, precludes a choice to-day between trial with a jury or without one. Logically, a state in which it is held that a jury trial cannot be waived ought to hold that the right to a full jury of twelve men is a right which cannot be waived (that it is so held, see Clark's Criminal Procedure (2nd ed., 1918), § 159); and the converse, to us, seems equally unescapable, that a jurisdiction holding a right to a jury of twelve is a right which can be waived (which is the rule in Pennsylvania: Com. v. Beard, 48 Pa. Superior Ct. 319), ought to decide in favor of the right to waive trial by jury altogether.

Concluding, it appears to us as not amiss to refer to the conditions that we believe will be remedied or ameliorated by the sanctioning of the waiver of trial by jury in the criminal courts.

In all of our cities, violations of the criminal laws have increased and are increasing with such rapidity that the courts as now constituted and administered cannot possibly dispose of the indictments with either promptness or thoroughness, and the public interest demands both. In Philadelphia County the indictments undisposed of on Jan. 1, 1926, were substantially greater in number than on the same date of the year preceding. This was so, notwithstanding the judges of our county had put into operation additional courts for the trial of criminal cases, presided over in part by judges from other jurisdictions. On request of the District Attorney of Philadelphia County, we have within recent weeks found it necessary to agree to devote to criminal business one additional court-room each month, beginning in September, thereby sacrificing one court-room ordinarily devoted to civil trials. It is only a question of time until we shall have to increase the number of judges, assistant district attorneys, court clerks, officers and jurymen, or else speed

up our present machinery by simplifying the method of operation. The first "remedy" is expensive and slow of realization, since legislative sanction is required; the alternative will reduce even present operating costs and is immediately available through the elimination of unnecessary jury trials.

With the growth in number of indictments there has been a multiplication of what might be called "small" or "petty" cases—principally violations of the law against the possession and use of intoxicants and the laws relating to motor-vehicles. These may be termed "small" or "petty" only because ordinarily the punishment imposed upon those convicted is not severe, being made sufficient to act as a deterrent. Many of these trials now entail ridiculous waste of time, and both the Commonwealth and the accused would be entirely disposed to dispense with the impaneling of a jury of twelve persons and to submit such a cause to the court for determination of questions of fact as well as of law.

Finally, under existing circumstances, too great a time elapses between the commission of crime and the imposition of punishment, due to congestion of the court machinery. There can be no question that promptness in fixing guilt and in exacting some penalty for the offence is more effective than more severe punishment coming long after the crime has been forgotten. Nothing that has been suggested seems to so insure a desirable swiftness of just judgment as the adoption of the plan of waiver of jury trials in all but the more serious of criminal prosecutions. We learn that in the State of Maryland virtually 90 per cent. of the offences are disposed of by the court alone; indeed, it is stated that the percentage of trials with jury may be even less than the 10 per cent. thus indicated. We cannot but hope that our State will be permitted the benefit of such an economical and advantageous procedure. Believing it is not contrary to our Constitution or laws, we unhesitatingly decide that the motion for a new trial herein should be, and it is now, refused.